### 7006. MASON *v.* THE STATE.

RUSSELL, C. J. 1. Under the "practice act" of 1911 (Acts 1911, p. 149, sec. 3), the fact that there was no formal approval of the grounds of the amendment to the motion for a new trial (the only entry thereon being "allowed and ordered filed") will not withdraw such an amendment from the consideration of the reviewing court, or prevent this court from determining the merits of the amendment, unless the point was first raised and insisted on before the trial judge. As it does not appear in this case that any question as to the approval of the grounds of the amendment to the motion was raised before the trial judge, the sufficiency of the judge's approval can not now be challenged.

2. The discretion of the trial court in refusing to allow leading questions will not be controlled by a reviewing court where not manifestly abused, and certainly will not be interfered with where the complaining party does not show that he was injured thereby. *Peterson* v. *State,* 6 *Ga. App.* 491 (2), 493 (65 S. E. 311).

3. In the state of the record, it was not error to decline to charge the jury, in the precise language of the request, that "words, threats, and menaces may *of themselves* excite the fears of a reasonable man and justify the taking the life of another by one who acts under these fears." See *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573).

4. There was no abuse of discretion on the part of the trial judge in the exercise of his right to interrogate the witnesses for the purpose of

discovering the truth; and the exception that the manner of the judge tended to intimate an opinion is not sustained.

5. The requests for instructions, so far as they were legal and pertinent, were sufficiently covered in the charge as delivered, the exception to the excerpts from the charge do not appear to be meritorious, and, since the evidenced authorized the verdict, there was no error in refusing a new trial. *Judgment affirmed.*

DECIDED JUNE 1, 1916.

Indictment for murder—conviction of manslaughter from Baldwin superior court—Judge Park. September 27, 1915.

*Sibley & Sibley,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.