14083.   EUBANKS *v.* SHEWMAKE BROTHERS COMPANY.

JENKINS, P. J.   1. The motion containing the general grounds being properly approved and certified, and the record showing an exception to the overruling of such grounds of the motion for a new trial, the exception pendente lite is properly supported by an approved exception to the final judgment, irrespective of the fact that the grounds of the amendment to the motion do not appear to have been approved and certified; and besides, "under the practice act of 1911 (Acts 1911, p. 149, sec. 3), the fact there was no formal approval of the grounds of the amendment to the motion for a new trial (the only entry thereon being 'allowed and ordered filed') will not withdraw such an amendment from the consideration of the reviewing court, or prevent this court from determining the merits of the amendment, unless the point was first raised and insisted on before the trial judge." *Mason* v. *State*, 1ε *Ga. App.* 224 (1) (89 S. E. 185).

2. "Where the lender neither takes nor contracts to take more than lawful interest, the loan is not rendered usurious by money paid or agreed to be paid others by the borrower in order to obtain the loan." Civil Code (1910), § 3437. In the instant case, however, the defendant offered a good plea of usury when he sought to show as follows: "Further answering said petition, defendant alleges the facts to be, that in October, 1916, defendant negotiated a loan with plaintiff through its president, Claude Shewmake, for the principal sum of $3,000, for the term of five years at 8 % interest and a sum charged by plaintiff in addition to said interest in the sum of $150.00, or 5 % of said principal sum, which was paid by defendant out of said loan on the same day said loan was closed, to wit, on October 20, 1916, to the plaintiff by paying to said Claude Shewmake, president of and acting as agent for plaintiff; that the said sum of $150.00 together

with the interest at the rate of 8 % per annum amounted to a charge for the use of said principal sum of $3,007.00 more than the legal rate of 8 % per annum, to wit, 9 % per annum." Since the defendant thus sought to show that the lender contracted to receive and did it-self actually receive more than the lawful interest, the court erred in striking the portion of the plea containing such defense and in refusing to allow the amendment amplifying the same. The ruling here made is limited to the question thus actually raised by the pleadings, and does not determine under what conditions, if any, a loan would be rendered usurious on account of the lender's agent having personally received an additional commission from the bor-rower for obtaining the loan. See, in this connection, *Boardman* v. *Taylor,* 66 *Ga.* 639 (6); *Hughes* v. *Griswold,* 82 *Ga.* 299, 308 (9 S. E. 1092); *McLean* v. *Camak,* 97 *Ga.* 804 (25 S. E. 493); *Taylor* v. *American Freehold Co.,* 106 *Ga.* 238, 247 (32 S. E. 153); *Clarke* v. *Havard,* 111 *Ga.* 242 (36 S. E. 837, 51 L. R. A. 499); *McCall* v. *Herring,* 116 *Ga.* 235, 239 (42 S. E. 468); *McCall* v. *Herring,* 118 *Ga.* 522 (2) (45 S. E. 442); *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388, 393 (47 S. E. 943); *Harvard* v. *Davis,* 145 *Ga.* 580 (4), 586 (89 S. E. 740).

*Judgment reversed. Stephens and Bell, JJ., concur.*
DECIDED MAY 21, 1923.

Complaint; from Laurens superior court — Judge Kent. September 16, 1922.

*Roger D. Flynt,* for plaintiff in error.
*Adams, Camp & Youmans,* contra.