## 29081. ROWE v. THE STATE.

NICHOLS, Presiding Justice.

George Webb Rowe was tried under a multiple count indictment charging him with 13 crimes, all of which were alleged to have taken place over a five-day period and were shown to have taken place in the same apartment complex in Fulton County, Georgia. He was convicted on ten counts. The trial court, after the jury fixed each sentence, directed that such sentences be served consecutively but under the authority of *Wade v. State*, 231 Ga. 131 (200 SE2d 271), and *Gandy v. State*, 232 Ga. 105 (205 SE2d 243), amended such sentences so as to provide that such sentences be served concurrently. The appeal is from the judgment of the trial court overruling the appellant's motion for new trial.

1. Count 6 of the indictment charged the defendant with the aggravated assault upon Robert Leroy Henderson while Count 8 charged the defendant with the armed robbery of Robert Leroy Henderson.

Count 14 charged the defendant with the armed robbery of Danny Messer while Count 15 charged him with the aggravated assault upon Danny Messer.

As to Counts 6 and 8 the defendant was found guilty of the offense as charged while upon Counts 14 and 15 he was found guilty of robbery by intimidation and simple assault respectively.

The defendant's second and third enumeration of error contends that Count 6 merged with Count 8 and that Count 15 merged with Count 14. In support of such contention the defendant cites the recent decision of this court in *State v. Estevez*, 232 Ga. 316 (206 SE2d 475).

Estevez was convicted of the alleged possession and the illegal sale of cocaine. The possession and sale was one transaction and it was held that both convictions could not stand.

In *Roberts v. State*, 228 Ga. 298 (185 SE2d 385) it was held that conviction for armed robbery and aggravated assault with a deadly weapon were authorized although both crimes arose out of the same conduct.

Here the defendant was convicted of burglary, aggravated assault, rape and armed robbery as the result

of his conduct at the residence of the Hendersons. No one of these crimes is included in any other crime for which he was convicted and no one of them is defined to prohibit conduct generally where another prohibits a specific instance of such conduct. The same is true of his conviction of burglary, rape, robbery by intimidation and simple assault at the residence of the Messers. Accordingly, enumerations of error numbers 2 and 3 show no reversible error.

2. The evidence authorized the verdicts and the trial court did not err in overruling the defendant's motion for new trial.

3. Here as in *State v. Estevez,* 232 Ga. 316, supra, no decision is made as to whether the imposition of concurrent sentences bars review of double jeopardy proscriptions.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 9, 1974 — DECIDED SEPTEMBER 4, 1974.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Assistant District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.

