## 29407. LONG v. THE STATE.

HILL, Justice.

The appellant was convicted of rape and aggravated assault in the Superior Court of Paulding County and sentenced to life imprisonment and four years to be served concurrently.

1. The enumerations of error contending that the trial court erred in overruling the motion for new trial and that the evidence was insufficient to support the jury's verdict are not borne out by the record.

The victim testified that her automobile broke down near Rockmart, Georgia, shortly after 7:00 a.m. on the morning of October 8, 1973, as she was on her way home from working the night shift at a mill; that the appellant drove by in a blue and white car, stopped and helped her push her car out of the road; that he offered her a ride home but stopped at a church on the way, drove the car around back into a graveyard and raped her at gunpoint; and that afterwards he fired his pistol into the air, telling her that he "would get rid of her" if she told anyone what had happened, and then drove her to a friend's house nearby.

The victim's testimony as to rape was amply corroborated. The friend testified that the victim got out of a blue and white car in front of her house, came in crying and told her that she had been raped. The friend accompanied the victim to her sister's house and from there to her aunt's house from which she was driven to the hospital.

The doctor who examined her there testified that the laboratory tests revealed a bloody tinged discharge from the victim's vagina, abrasions around the hymenal ring and the presence of male spermatozoa. He stated that based upon these findings it was his opinion that the victim had engaged in sexual intercourse within the last six hours.

In court, the victim positively identified the appellant as her assailant.

The evidence showed that the appellant, a school teacher, arrived at work at 8:40 a.m., 40 minutes late, on the morning the rape occurred.

The appellant in his sworn statement confirmed the victim's testimony except that he denied driving into the churchyard, having his pistol with him, or having intercourse with her. A number of witnesses who knew the appellant as pastor of a church and a high school teacher testified as to his good character.

Although the elapsed time was relatively short in view of the distance traveled (a few minutes after 7:00 a.m. to 8:40 a.m., to travel from near the Rockmart-Aragon Hospital to the high school in Newnan, approximately 58 miles) the jury believed that there had

been sufficient time for the rape to have occurred. The evidence was sufficient to establish the commission of both offenses charged. The victim's testimony was corroborated as to rape. There is no similar requirement of corroboration as to aggravated assault, which is defined in pertinent part as follows: "A person commits aggravated assault when he assaults . . . (b) with a deadly weapon." Code Ann. § 26-1302. See *Rowe v. State,* 232 Ga. 700 (208 SE2d 500); *Estes v. State,* 232 Ga. 703 (1) (208 SE2d 806).

2. The appellant contends that testimony given by the state's expert witness was "scientifically incorrect" as to the victim's having had intercourse within six hours of examination and that the court's charge in regard to expert testimony was therefore improper. No objection was made at trial to the expert's qualifications or to his expressing his opinion. No attempt was made to rebut his testimony upon the trial. The court instructed the jury that it was not bound or concluded by the testimony of any witness, expert or otherwise, and we find nothing in the charge as given to be harmful as a matter of law. Code Ann. § 70-207 (c) (Ga. L. 1965, pp. 18, 31; 1968, pp. 1072, 1078).

3. It is urged that the testimony of one of the state's witnesses was inadmissible because it was coerced "by intimidation, threat of jail and loss of job" in order to convict the appellant. Although the transcript shows that the prosecutor confronted one of the state's witnesses with the witness' written statement, the record does not show that the witness was coerced or threatened and no objections were made upon the trial to this testimony on this ground. This enumeration is also without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 22, 1974 — DECIDED FEBRUARY 25, 1975 — REHEARING DENIED MARCH 12, 1975.

Hamp J. Long, *pro se, Melvin Robinson,* for appellant.

John T. Perren, *District Attorney, Arthur K. Bolton, Attorney General, Lois F. Oakley,* for appellee.