31081. LONG v. THE STATE.

INGRAM, Justice.

This appeal is from the denial of appellant's "extraordinary motion for new trial" and other motions filed in the trial court after his conviction of rape and aggravated assault in the Superior Court of Paulding County. That conviction was reviewed and affirmed by this court in *Long v. State,* 233 Ga. 926 (213 SE2d 853) (1975). Appellant also sought habeas corpus relief but it

was denied by the habeas trial court in Tattnall County and this court denied appellant's application for review of that decision on March 11, 1976.

The events that led to appellant's conviction appear in the prior reported case. In the extraordinary motion for new trial and accompanying motions, appellant alleges that the prosecution deliberately suppressed evidence favorable to him. That evidence consists of statements by the sheriff and others that they never determined the length of time necessary to drive from Rockmart, Georgia, to Newnan, Georgia. Appellant claims that from the time he picked up the female motorist, whose car had been disabled, until the time when he arrived at work, it was impossible for him to have committed rape. The victim, on the other hand, positively identified appellant and made prompt complaint. Appellant's statement at the trial confirmed all the victim's testimony with the exception of denying that a rape ever occurred.

The trial court found, and we agree, that there was no suppression of evidence favorable to defendant by the state which is forbidden by due process under Brady v. Maryland, 373 U. S. 83 (1963), and its progeny. Appellant has shown no "newly discovered evidence" that would authorize a new trial. In order to be entitled to a new trial on this ground, appellant must satisfy the court: "(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) . . . and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. *Burge v. State,* 133 Ga. 431, 432 . . ." *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971). The "newly discovered" evidence in this case falls far short of meeting the above criteria.

The decision to grant a new trial is one within the sound discretion of the trial judge and his decision will not be reversed unless there is an abuse of discretion. See *Hamilton v. State,* 119 Ga. App. 196 (166 SE2d 735) (1969). We find no such abuse in this case. Appellant's motions accompanying the request for a new trial similarly have no merit. They relate only to matters

which seek to impeach the victim's testimony and there is absolutely no showing that the information sought could not have been discovered prior to trial. See *Wanzer v. State,* 235 Ga. 226 (219 SE2d 96) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1976 — DECIDED JUNE 22, 1976.

Hamp James Long, *pro se.*
*John T. Perren, District Attorney,* for appellee.