## 58258. RICHARDS v. THE STATE.

SHULMAN, Judge.

Defendant was found guilty of the offenses of voluntary manslaughter and simple assault. We affirm.

1. Appellant enumerates as error several of the

court's rulings sustaining objections to certain questions posed by defense counsel. These enumerations are not meritorious.

A. The court correctly sustained the state's objection to a question propounded by the defense, which question posed a hypothetical to a non-expert witness. Since the question was not predicated upon any testimony then before the court, the court's exclusion of the question was warranted. See *Bryant v. State,* 197 Ga. 641 (6) (30 SE2d 259).

B. Likewise, the court properly precluded defense counsel from questioning a state witness as to her opinion of defendant's intent. See *Lester v. State,* 75 Ga. App. 42 (8) (42 SE2d 141).

C. We find no merit in appellant's contention that the court erred in sustaining the state's objection to the following "question": "You'd like your husband to see the children. He's done all the things that are necessary in relationship to that . . ." Even assuming defense counsel's statement constituted a question to the witness (the defendant's estranged wife/prosecutrix), since there was no relevant connection between the testimony sought to be elicited and the issues in the case (at the time the "question" was propounded) (see, e.g., *McGill v. State,* 226 Ga. 802 (3) (177 SE2d 675)), the court correctly sustained the state's objection.

2. Contrary to appellant's contentions, we find no evidence that the state intended to prejudice or confuse the jury in conducting its cross examination of the defendant. Rather it was the prosecutor's intention to clarify what appeared to be discrepancies between the statement made by the defendant at the time of his arrest and his testimony on the stand. Under the circumstances, the court was within its authority in overruling defendant's objection to the state's cross examination of the witness. See, e.g., *Wanzer v. State,* 232 Ga. 523 (5) (207 SE2d 466).

3. Appellant asserts reversible error on what he terms the court's restriction of the scope of his examination of a witness. We find no error.

It was within the court's discretion to refuse to allow defense counsel to pose leading questions to his own

witness. In the absence of a showing of resulting injury, we refuse to find an abuse of discretion in the court's ruling. See *Adkins v. State,* 134 Ga. App. 507 (1) (215 SE2d 270); *Mason v. State,* 18 Ga. App. 224 (2) (89 SE 185); *Durham v. State,* 70 Ga. 264 (13).

4. Appellant alleges error on the court's refusal to charge, upon request, that once the defendant had raised the issue of self-defense, it was incumbent upon the state to prove beyond a reasonable doubt the absence of justification. Defendant claims that the court's failure to so charge impermissibly placed the burden of persuasion on the defendant. We cannot agree.

The court did not instruct the jury either explicitly or implicitly that the burden of proving self-defense or justification rested with the defendant. The court correctly instructed the jury that it was incumbent upon the state to prove every essential element of the offenses charged; and that the state had the burden of establishing defendant's guilt beyond a reasonable doubt. The charge further instructed that a conviction was only authorized if the jury believed beyond a reasonable doubt that the killing was without justification; that if there was a reasonable doubt as to justification, acquittal was in order. The charge, read as a whole, does not impermissibly place the burden of persuasion on the defendant. See, e.g., *Rubiano v. State,* 147 Ga. App. 142 (1) (248 SE2d 207).

Since the court effectively covered the principles involved in defendant's request to charge no. 2 in its instructions on the burden of proof, we find no error in the court's refusal to charge defendant's request. See *Trask v. State,* 132 Ga. App. 645 (13) (208 SE2d 591); *Carnes v. State,* 115 Ga. App. 387 (6) (154 SE2d 781); *Sullens v. State,* 239 Ga. 766 (4) (238 SE2d 864).

5. The court charged defendant's request to charge no. 5; hence, this enumeration of error presents nothing for review.

6. Appellant maintains that the court's undue emphasis on malice in its charge prejudiced the defendant. Since defendant was charged with murder, the court properly instructed the jury on the definitions of malice, express and implied. Moreover, since "[t]he trial judge by his instructions eliminated malice to convict for

manslaughter and [since the defendant was acquitted of the murder charge and convicted of the lesser offense of voluntary manslaughter], the defendant has no cause for complaint regarding the instructions on presumption of malice in order to convict for murder." *Witt v. State,* 124 Ga. App. 535 (2) (184 SE2d 517).

7. Assuming defendant properly raised the issue of "newly discovered evidence" in his motion for new trial, the defendant failed to satisfy the criteria necessary for the grant of an extraordinary motion for new trial.

"In order to be entitled to a new trial on this ground, appellant must satisfy the court:' (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) . . . and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. [Cit.]' [Cit.] The 'newly discovered' evidence in this case falls far short of meeting the above criteria." *Long v. State,* 237 Ga. 110, 111 (227 SE2d 22).

The claimed "new" evidence is merely an affidavit from the mother of defendant's estranged wife, wherein the affiant claims to know certain people who heard the deceased threaten the defendant with bodily harm some time prior to the occurrence of the incident in question. Even assuming the admissibility of such testimony, such evidence is cumulative only (supporting defendant's claims of reasonable fear for his personal safety) and is not so material as to probably produce a different verdict. See *Swann v. State,* 28 Ga. App. 771 (113 SE 38). This being so, we find no error in the court's denial of defendant's motion for new trial. *Long,* supra.

8. Lastly, we find no merit in appellant's assertions of error on the general grounds. Defendant admitted shooting the deceased, but claimed that the deceased fired first. However, several eyewitnesses testified that defendant fired upon the deceased as he approached the vehicle in which the deceased was riding and that the defendant fired his shotgun prior to the firing of any other shots (if any were fired). Likewise, there was eyewitness testimony (along with the victim's testimony) that the

defendant, after shooting the deceased, then assaulted the prosecutrix, his estranged wife, who was driving the automobile at the time in question.

Although there was evidence to support defendant's contention that he acted in self-defense, upon a thorough examination of the record, we conclude that the evidence adduced at trial reasonably authorized a rational trier of fact to have found defendant guilty beyond a reasonable doubt of the offenses of voluntary manslaughter and simple assault. Jackson v. Virginia,—— U. S. —– (99 SC 2781, 61 LE2d 560). Finding no error, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED JULY 3, 1979 — DECIDED OCTOBER 15, 1979 — REHEARING DENIED NOVEMBER 7, 1979 — 

*Howard A. McGlasson, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.