## 40492. NORWOOD v. THE STATE.

CLARKE, Justice.

Norwood was convicted of the murder of his wife Earnestine Norwood in Fulton County and for violating OCGA § 16-11-131 (Code Ann. § 26-2914) possession of a firearm by a convicted felon. He was sentenced to life in prison on the murder conviction and five years to be served concurrently on the firearm charge. He enumerates as error the failure of the trial court to grant a mistrial on two separate motions and a statement by the court regarding capital punishment. We affirm.

There was evidence that the Norwoods had been having domestic problems and that Mrs. Norwood was planning to leave her husband on December 25, 1982. She had arranged to have her family gather up her personal belongings from the apartment she shared with her husband. Mrs. Norwood went with her husband to attend Christmas parties.

They left appellant's brother's house around 1:30 in the afternoon. Mrs. Norwood was driving. At some point an argument developed and the car was stopped. According to the appellant, Mrs. Norwood reached for her service revolver (she was an officer with the DeKalb County Police Department) and he picked up his .38 and fired several times.

Appellant drove the car with the victim's body in the front seat to the house of some friends. They abandoned the car at a shopping center with his wife's body still inside. Appellant returned to his friends' house to plan an alibi. On December 26, 1982, Mrs. Nor-

wood's family filed a missing person's report. Appellant also filed a report.

Subsequently, appellant was arrested. The victim's service revolver was found at the home. It was established that she died from three gunshot wounds in the right side of her body. There was evidence that the wounds were consistent with the victim having her hands on the steering wheel or the arm raised upward and not consistent with pointing a pistol at the passenger.

1. Appellant contends it was error for the trial court to deny his motion for mistrial because the state failed to produce copies of all written and oral statements attributable to him and failed to produce copies of scientific reports.

Prior to trial the defense filed a Motion for Information Necessary to Receive a Fair Trial. The assistant district attorney allowed defense counsel to review his file the week before trial and to make copies of the medical reports at issue.

Although on appeal it is argued that the state failed to comply with OCGA § 17-7-210 (Code Ann. § 27-1302), the motions to produce filed prior to trial were not based upon the statute. An accused must invoke the statute in question in order to require the state to comply in the manner provided in the statute. *Tabb v. State,* 250 Ga. 317 (297 SE2d 227) (1982). We find no error.

2. During the voir dire of the jury panels, the trial court asked the assistant district attorney, "As I understand it ... the state is not seeking capital punishment in this case, is that correct?" Defense counsel asked for the jurors to be removed and moved for a mistrial which was denied by the court. Appellant contends this statement so prejudiced the jury that the case must be reversed.

We find no error in the denial of the motion for mistrial. The court's statement did not reflect upon the guilt or innocence of the defendant to be tried. Appellant has not demonstrated any harm attributable to the statement and this court cannot discern any harm under the circumstances presented here.

3. The third allegation of error relates to the testimony of Jane Hopper, a friend of Mrs. Norwood who was also a DeKalb County police officer. She testified as to a telephone conversation she had with Mrs. Norwood several months before the homicide. Appellant who was at home with his wife interrupted the conversation. Ms. Hopper became worried and called Mrs. Norwood back but she would not talk further. In response to a question by the prosecutor Ms. Hopper stated she had talked to Mrs. Norwood the next day and learned why she would not talk with her that night. Defense counsel objected on the grounds of hearsay. The court instructed the witness that she could answer the question but not to go into the content

of the conversation. Ms. Hopper then said "She was having a gun held . . ." at which point she was cut off by the judge.

The jury was removed and defense counsel moved for a mistrial. The court denied the motion and then instructed the jury to disregard the statement.

The grant or denial of a mistrial is within the discretion of the trial judge and will not be grounds for reversal on appeal unless a mistrial is mandated to ensure a fair trial. *Ladson v. State,* 248 Ga. 470 (285 SE2d 508) (1981). There was other evidence of domestic problems between the Norwoods and of prior arguments. The trial court stopped the witness before the statement was completed and gave curative instructions to the jury. We hold the denial of the mistrial was not an abuse of discretion.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who dissents as to Division 3.*

DECIDED MARCH 14, 1984.

*Thomas C. Bianco,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Assistant District Attorneys, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.