## 40774. GARDINER v. THE STATE.

SMITH, Justice.

William Randall Gardiner shot and killed Michael Patterson on November 7, 1982. Gardiner had earlier sold some baking soda to Patterson under the pretext that it was cocaine. Patterson sought out Gardiner afterward to protest the quality of the goods he had purchased and to get a refund or replacement drugs. Under the guise of obtaining genuine cocaine, Gardiner and his companion, Jennifer Harrell, drove Patterson to an otherwise deserted road in rural Banks County. While Harrell relieved herself in front of their parked car, Patterson and Gardiner quarreled at the rear and during the argument Gardiner produced a pistol and killed Patterson, with at least one shot entering Patterson's back. Harrell and Gardiner then removed the baking soda, a wallet, and some small change from Patterson's pockets after dragging the body to the roadside, where they partially concealed it. They left the scene and disposed of several items linking them to the crime, including Gardiner's blood-stained shoes, the pistol, and the wallet. Gardiner and Harrell returned to the motel where he was staying and Harrell called her sister, Olivia

Roane, with the news that a man had been killed. The body was discovered the next morning. Gardiner and Harrell made statements to the Georgia Bureau of Investigation in connection with the incident on November 9, denying any knowledge of the shooting, but Gardiner admitted selling fake cocaine to Patterson. Gardiner was arrested on November 11, and on that date Harrell made another statement, this time providing a detailed account of the murder. Olivia Roane made a statement to GBI agents on November 12, and recounted that Harrell had earlier told her about planning and carrying out the killing. Gardiner and Harrell were tried in April 1983, before a jury, found guilty of murder, and sentenced to life imprisonment. Gardiner brings this appeal of his conviction and we affirm.

1. In his first enumeration appellant challenges the sufficiency of the evidence, contending that there is no evidence of malice. We have reviewed the evidence in the light most favorable to the prosecution, and conclude that any rational trier of fact could have found the essential elements of the crime charged, including malice, beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, we find no merit in this enumeration.

2. In his second enumeration, appellant contends that his trial counsel was ineffective. He bases his contention on one moment during the trial, where counsel failed to object to introduction by the state of Harrell's out of court statement to police which incriminated Gardiner in the murder. Harrell later testified that the statement was true and freely made.

In accord with *Simpson v. State,* 250 Ga. 365(2) (297 SE2d 288) (1982), we decline to review this enumeration of error where raised for the first time in this court. *Williams v. State,* 251 Ga. 749(20) (312 SE2d 40) (1983). No motion for new trial was filed and as a result the trial court has not ruled on this matter. Therefore, there is no issue here for our review on appeal.

3. In his third enumeration appellant contends that it was error to allow into evidence a bag containing eight .22 caliber cartridge cases without a proper foundation. The evidence in question was recovered near the body of the victim but the murder weapon was never found. Appellant submits that no link was established between the pistol used to kill the victim and the spent shells, and that the murder scene is the site of frequent visits by hunters who could have deposited them there.

The state laid a proper foundation for introduction of the challenged evidence and there is no merit in this enumeration. Prior testimony had established that the appellant had borrowed a .22

caliber pistol earlier in the day that the victim was killed, that the pistol was never returned to its owner, that the pistol was in the appellant's hands on the afternoon of the shooting, and that the victim had died of wounds inflicted by a small caliber weapon ("something less than a .38 caliber"), according to the witness who conducted the autopsy on the victim's body.

OCGA § 24-2-1 (Code Ann. § 38-201) provides that "evidence must relate to questions being tried by the jury and bear upon them either directly or indirectly." In the present case the question being tried by the jury was whether the appellant was guilty of shooting to death Michael Patterson with a firearm. The state contended that a particular gun had been used in the shooting and the casings were consistent with a pistol of that type. Therefore, evidence of the eight spent .22 caliber shell casings bore directly upon the question before the jury, and they were sufficiently identified and related to the alleged crime to authorize their admission. *Wooten v. State,* 224 Ga. 106 (6) (160 SE2d 403) (1968). See *Brown v. State,* 247 Ga. 298 (5) (275 SE2d 52) (1981), and *Moore v. State,* 240 Ga. 807 (8) (243 SE2d 1) (1978), cert. den. 439 U. S. 903 (99 SC 268, 58 LE2d 249).

4. In his fourth enumeration appellant contends that it was error to allow the statement of Olivia Roane to be read to the jury on the ground that Roane testified at trial and did not deny making a pre-trial statement and did not refuse to answer questions in court. Jennifer Harrell and Olivia Roane are sisters. The challenged evidence is a statement made by Olivia on November 12, 1982, to an agent of the GBI. In it she recounted as described to her by her sister Jennifer and from what she had herself seen, certain events surrounding the murder. At trial, Roane said that she was intoxicated at the time she made the statement, that she did not remember making it, and that she only knew of the statement because she was told of it by police. When confronted with the statement in court, she admitted that it was written in her own handwriting and carried her signature. She later testified to certain of the facts contained therein, but insisted that some other items escaped her memory. The portion of the statement concerning facts which Roane could not or would not recall at trial as having been included in the statement was read to the jury, pursuant to *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982).

In *Gibbons* the rule was laid down that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes. The issue presented in this enumeration falls squarely within the ambit of the policy announced in *Gibbons* as a ground for this rule. "Once a declaration is made, both the State and the defense are accorded some measure of

protection from the erratic or unpredictable witness, in that his declaration can be considered substantively where the witness appears and is subject to cross-examination, notwithstanding variant testimony from the stand." *Gibbons v. State,* 248 Ga. at 864. Therefore we find no error and thus no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*David C. Jones,* for appellant.
*Timothy G. Madison, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.