## 40998. EVERETT v. THE STATE.
(320 SE2d 535)

PER CURIAM.

Michael Shane Everett appeals from his conviction of felony murder and sentence of life imprisonment for the shooting death of Francisco Roberto Colon, hereinafter referred to as Paco.[1] Appellant enumerates four errors, his principal ground being ineffective assistance of counsel. Finding no error, we affirm.

Everett and his apartment mate, Carl M. Gessner, met Paco at an Atlanta Braves baseball game. Paco was a transient when Everett befriended him. Everett told Paco he could stay in his apartment until he could find work and a place to live. Toward the end of the almost two months Paco lived with Everett and Gessner hostile feelings developed between Everett and Paco. The exact reason was never fully established but it appeared that Everett was generally dissatisfied with Paco because he owed Everett money and was not appreciative of Everett's help and hospitality. Paco, who had moved into his own nearby apartment, was angry about Everett spreading rumors about him and talking behind his back. Paco told a neighbor, Lawrence E. Dutcher, and several other mutual friends and neighbors that he was going to beat up Everett. The threats were relayed to Everett. Threats of harm escalated. The night before the shooting Everett told two friends he had a gun, and if Paco came within two feet of him he would blow his head off.

On the day of the shooting Paco was talking with Dutcher when Everett drove into the parking lot. When Paco saw Everett he said, "There is Mike, I am going to beat him up now." Paco approached Everett's car saying, "What is this — you have been saying about me at work." Paco then began hitting Everett who was still sitting in his automobile. Dutcher testified that Paco who was unarmed hit Everett four or five times before the gunshots were fired. Everett fired the gun seven times causing bullets to enter Paco's head, shoulder, chest, abdomen, thigh, and arm. The wounds to the head and chest caused Paco's death. None of the shots were contact wounds, indicating that Paco was at least twenty-four inches from the gun at all times. Fur-

[1] The crime was committed on July 8, 1983. A Fulton County Superior Court jury returned its verdict of guilty and the court entered judgment on September 9, 1983. Motion for new trial was filed October 7, 1983. The transcript of evidence was filed on November 28, 1983, and the motion for new trial was overruled on February 3, 1984. Notice of appeal was filed on March 5, 1984, and the record was docketed in this court on April 4, 1984. The case was submitted on briefs on May 18, 1984. There was no oral argument.

ther testimony regarding the gun indicated that the trigger had to be depressed with a pressure in excess of eight pounds to fire each bullet. The gun ejected the shells to the right side after firing. Only one shell casing was found on the floor of Everett's automobile, four others were found on the ground near Paco's body. There was no blood on either the inside or outside of Everett's automobile. When the shooting was over Paco was on the ground next to the car and Everett was standing over him with the gun in his hand.

Everett was arrested July 8, 1983, as soon as the police arrived. Counsel for Everett gave notice of his appearance as attorney of record to the clerk of the Fulton County Superior Court on July 21, 1983. The indictment was returned July 29, 1983. Counsel made application for bail for Everett and filed the following motions: demand for speedy trial, request for copy of statement(s), notice to produce, motion for discovery under Brady v. Maryland, motion to suppress and/or exclude defendant's confession and to prohibit use at trial, motion for additional time to file motions, and a motion in limine to prevent the state from making any direct or indirect references to alleged threats. The motion in limine stated in pertinent part, "the introduction or reference to any such evidence *prior to the choosing of the Defendant to do so*, would be entirely irrelevant and immaterial." (Emphasis supplied.)

At trial, Everett's counsel made a motion for complete recordation of the trial including voir dire and arguments of both sides, and a motion to exclude certain enlarged color photographs of the victim. He also made a motion for individual voir dire and sequestration of jurors during voir dire. Everett's counsel asked questions of each juror and struck jurors. During the course of the trial Everett's counsel cross-examined key prosecution witnesses with care, objected to statements made by the prosecution, objected to the prosecution leading their own witnesses, and appeared well acquainted with the case and the evidence.

On cross-examination of Stanley Harvey, one of the people specifically mentioned in the motion in limine whom appellant allegedly threatened, Everett's counsel asked Harvey whether or not he and Everett had become involved in an altercation. The state tried at that time to go further into the altercation. Counsel for Everett responded, "I submit we touched no where on a threat which is specifically excluded, and I moved on quickly." The court sustained his objection; did not allow the state to expand on the altercation, and warned Everett's counsel, "You better be careful." The second witness for the defense, Richard Dwayne Winn, a school friend and hunting and fishing buddy of Everett, was asked by Everett's counsel on direct examination, "Do you have an opinion as to whether he is a violent or a peaceful person?" On cross-examination the state, testing Winn's

knowledge, asked him if he was aware of threats allegedly made by appellant. Counsel for Everett objected and was overruled twice. Everett's counsel then made a motion for a mistrial and vigorously argued his motion on the ground that the state improperly asked questions regarding threats, in direct conflict with the motion in limine. The court denied the motion, stating "when you introduce a character witness though, and he says he testified that man is peaceful, I think the State has a right to go into these other things. If you hadn't done that, I think it would have been improper." After closing arguments on both sides the jury deliberated almost all day and part of the next morning before returning its verdict. The jury found Everett guilty of felony murder, the underlying felony being aggravated assault.

1. Although not enumerated as error, we find that the evidence presented at trial was sufficient to authorize a rational trier of fact to find Michael Shane Everett guilty beyond a reasonable doubt of the felony murder of Francisco Roberto Colon, under the standards expressed in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error his denial of effective assistance of counsel on the grounds that counsel was inexperienced as he was only admitted to practice in November 1980, and as a result he allowed the state to lead its own witnesses and opened the door of the introduction of evidence that had been ruled inadmissible in his motion in limine.

The state urges this court not to consider the merits of this claim because appellant's trial counsel was not heard at the motion for new trial. We need not reach this issue because we find that there was effective assistance of counsel under the standards expressed in *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974). Therefore, this enumeration is without merit.

3. Appellant contends that it was error for the trial court to deny his motion for a new trial. We do not agree.

"The decision to grant a new trial is one within the sound discretion of the trial judge and his decision will not be reversed unless there is an abuse of discretion." *Long v. State*, 237 Ga. 110, 111 (227 SE2d 22) (1976). We find no abuse of discretion.

4. Appellant contends that the trial court erred in refusing to grant a mistrial based on remarks made by the state concerning alleged threats made by appellant. We find no error.

"The grant or denial of a mistrial is within the discretion of the trial judge and will not be grounds for reversal on appeal unless a mistrial is mandated to ensure a fair trial." *Norwood v. State*, 252 Ga. 292, 294 (313 SE2d 98) (1984).

5. Appellant contends that the court erred in refusing to admonish the state not to go further into testimony concerning alleged

threats made to others than the victim.

"[I]t is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue." *Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952). The motion in limine was granted to keep the state from referring to any threats "prior to the choosing of the Defendant to do so." But, once "the defendant puts his good character in issue as a fact, the state has the privilege of disproving this fact, . . . by cross-examination of the witness by whom the accused attempts to make the proof. [Cit.]" *Ailstock v. State*, 159 Ga. App. 482, 487 (283 SE2d 698) (1981). Finding no error, we affirm.

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment and concurs specially as to Division 2 of the opinion.*

DECIDED OCTOBER 1, 1984.

*Herbert B. Zachry*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.

SMITH, Justice, concurring specially.

I concur with the judgment in this case, but I disagree with Division 2. We held in *Simpson v. State*, 250 Ga. 365, 367 (297 SE2d 288) (1982), "No motion for new trial was filed. Therefore the trial court has not ruled on this matter. More importantly, defendant's two trial attorneys have not been heard on this issue. For these reasons, we decline to decide this enumeration of error in this case." Later, in *Brown v. State*, 251 Ga. 598, 600-601 (308 SE2d 182) (1983), we declined to address the issue of ineffective assistance of counsel when the appellant's motion for new trial did not raise the issue. We declined to review the same enumeration of error in *Gardiner v. State*, 252 Ga. 422, 423 (314 SE2d 202) (1984), stating in that case, "[n]o motion for a new trial was filed and as a result the trial court has not ruled on this matter." I believe that *Williams v. State*, 251 Ga. 749, 809 (312 SE2d 40) (1983), misconstrued *Simpson*, supra, and *Brown*, supra, when it held, "appellant's trial counsel were not heard on this issue *at the motion for new trial hearing,* and for this reason, we decline to address the merits of this enumeration of error." (Emphasis supplied.) Both *Simpson*, supra, and *Brown*, supra, were cases in which no ruling was made by the trial court, therefore, there was

nothing for us to review. But in this case, as in *Williams*, supra, the issue was raised in a motion for new trial, overruled by the trial court, and appealed to this court.

Grounding its position on Division 20 of *Williams*, supra, the state contended that we should not consider the merits of appellant's claim because his trial counsel was not heard at the motion for new trial. In reaching the merits of the claim, the majority, in my opinion, has overruled Division 20 of *Williams*, supra, without so stating. I would expressly overrule it. We cannot decline to address the merits of such a serious claim merely because the alleged ineffective counsel was not heard. Once appellant has presented his evidence of ineffective counsel, the state has the burden of producing appellant's trial counsel if it so wishes. It makes no sense to require appellant to produce the very counsel he claims is ineffective to prove him ineffective.