## 71401. DYE v. THE STATE.
(341 SE2d 314)

POPE, Judge.

Michael R. Dye appeals from his convictions of armed robbery and possession of a firearm by a convicted felon, enumerating as sole error the denial of his motion for mistrial.

Appellant was identified by the victim as the driver of a vehicle who, armed with a shotgun and accompanied by another man, robbed the victim as he was walking down the street alone. When appellant was apprehended one hour later, still driving the vehicle, the co-de-

fendant's wife and child were sitting in the back seat; a shotgun was found on the driver's side of the car and a handgun was on the front passenger's side. At trial during cross-examination the assistant district attorney asked appellant if he had seen a statement made by the co-defendant's wife, and if he would like to see it. This statement was not offered in evidence, but the trial court allowed appellant to read it. The prosecutor then asked appellant if he agreed with what was in the statement and he replied that he did not agree, "except for the last part." When the State questioned appellant, "You disagree with the fact that you had the gun?," and after he said "Yes, sir," defense counsel objected and the court sustained the objection "to the extent that commenting on evidence not in the record and asking [appellant] to comment on that or disagree with that is really not probative of anything. . . ." Appellant did not move to strike the testimony and was then asked, "Did you in fact come back from the Crystal Palace with one gun in your back pants pocket?," to which he responded, "No sir, I sure didn't." He was next asked if he "in fact [came] back with the other one wrapped around your shoulder, underneath your coat?," again responding negatively.

After two further questions defense counsel requested that the jury be removed and moved for mistrial, contending that this line of questioning was a prejudicial attempt by the State to do by indirection what it could not do directly. Following a lengthy colloquy the trial court denied the motion, noting that since the trial was bifurcated and only the armed robbery charge was then in issue, whether appellant had the gun on his person outside the car was not really relevant; and as he had already admitted being in the car with the firearm in his immediate possession and control, this was sufficient for the State to carry its burden of proof, so there were no grounds for mistrial. Appellant argues that the continuing use of inadmissible evidence over objection nevertheless warrants reversal.

We do not find appellant's argument persuasive. First, a motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it. *Garner v. State*, 174 Ga. App. 628 (2) (330 SE2d 750) (1985), and cases cited; *Bennett v. State*, 165 Ga. App. 600 (3) (302 SE2d 367) (1983). Second, under the circumstances of this case it is highly probable that even if the testimony was erroneously admitted, since it was not relevant to the issue being tried it did not contribute to the jury's verdict. See *Daniels v. State*, 252 Ga. 30 (2) (310 SE2d 904) (1984); *Pierce v. State*, 176 Ga. App. 795 (2) (338 SE2d 40) (1985); *Rhine v. State*, 176 Ga. App. 171 (1) (355 SE2d 422) (1985). "The grant or denial of a mistrial is within the discretion of the trial judge and will not be grounds for reversal on appeal unless a mistrial is mandated to ensure a fair trial. [Cit.]" *Norwood v. State*,

252 Ga. 292, 294 (313 SE2d 98) (1984); *Everett v. State*, 253 Ga. 359 (4) (320 SE2d 535) (1984). We find no ground for reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1986.

*Alvin Button*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Deborah W. Espy, Andrew A. Weathers*, Assistant District Attorneys, for appellee.