## 71955. HAMILTON v. THE STATE.
(346 SE2d 881)

BENHAM, Judge.

Appellant and a co-defendant were jointly tried in a bifurcated proceeding for armed robbery and possession of a firearm by a convicted felon. Appellant was found guilty of the possession charge and robbery. The appellate decision in his co-defendant's appeal is found in *Dye v. State*, 177 Ga. App. 824 (341 SE2d 314) (1986).

1. Appellant first argues that his motions for directed verdicts of acquittal were improperly denied. In light of the Supreme Court's recent holding in *Milam v. State*, 255 Ga. 560 (341 SE2d 216) (1986), we disagree.

In the first portion of the bifurcated proceeding (see *Head v. State*, 253 Ga. 429 (3) (322 SE2d 228) (1984)), the State presented the testimony of the victim, who stated he was accosted by two men in a

car as he walked down a street. When the victim attempted to walk away from the car, one of the car's two occupants threatened to shoot him if he did not turn around. The victim testified that the speaker was not the driver and identified appellant as the lone passenger. The victim returned to the side of the car, where the driver pointed a gun at him and ordered him to empty his pockets. The victim was relieved of $37. Approximately one hour later appellant and his co-defendant were arrested and their vehicle searched. A rifle with a pistol handle, identified by the victim as the weapon used in the robbery, was removed from the driver's seat, and a handgun was found under the passenger seat appellant had occupied. Since the evidence presented did not demand a verdict of not guilty, it was not error to deny the motion for directed verdict on the armed robbery count. See OCGA § 17-9-1; *Paxton v. State*, 160 Ga. App. 19 (5) (285 SE2d 741) (1981).

After the jury determined appellant was guilty of robbery by intimidation and not armed robbery as charged, the State introduced evidence of appellant's 1984 conviction for aggravated assault to support the charge of possession of a firearm by a convicted felon. Appellant's motion for directed verdict of acquittal on the possession charge was denied, and the jury subsequently returned a guilty verdict.

The jury verdict of guilty to the lesser offense of robbery by intimidation reflects their rejection of the idea that appellant had actually or constructively possessed either weapon insofar as the armed robbery count was concerned. However, they did accept the theory of constructive possession in order to convict appellant of the charge of possession of a firearm by a convicted felon. Inasmuch as there was evidence that appellant's co-defendant possessed a gun in furtherance of their joint resolve to commit an armed robbery, denial of a directed verdict of acquittal was in order. While the verdicts rendered are inconsistent, the inconsistent verdict rule in criminal cases was abolished in this state by the Supreme Court's decision in *Milam v. State*, supra.

2. While cross-examining the victim, counsel for appellant attempted to impeach the witness by questioning him about his prior conviction for burglary. The trial court sustained the State's objection, which ruling appellant now enumerates as error. "To impeach a witness by a prior conviction the conviction must be proved by the record of conviction itself, not by cross-examination. [Cits.]" *Kimbrough v. State*, 254 Ga. 504 (2) (330 SE2d 875) (1985).

Appellant also takes issue with the limitation placed upon his counsel during closing argument about the victim's criminal past. The trial court refused to allow counsel to argue the point because there was no evidence of record to support the argument. "In closing arguments each side is permitted to make any argument which is reasona-

bly suggested by the evidence." *Durden v. State*, 250 Ga. 325 (6) (297 SE2d 237) (1982). The remark made by the assistant district attorney in his opening statement alluding to the victim's criminal past was not evidence (*Coker v. State*, 234 Ga. 555 (12) (216 SE2d 782) (1975), rev'd on other grounds, *Coker v. Ga.*, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977)), and, as discussed above, the victim's prior conviction was not placed in evidence. Thus, the trial court did not abuse its discretion by prohibiting appellant's counsel from arguing the point to the jury.

3. After admitting that he had purchased marijuana in the past, appellant's co-defendant was asked about his 1976 federal conviction for conspiracy. Appellant objected to the admission of evidence of the prior conviction on the ground that it was prejudicial to appellant, and moved for a mistrial or severance. Appellant's next enumeration embodies the denial of his motions.

"The grant or denial of a motion for severance lies within the sound discretion of the trial court and the ruling of the court will be overturned only in the event of an abuse of that discretion. [Cits.] . . . To obtain a new trial, [appellant] must . . . show prejudice and a denial of due process. [Cit.]" *Johnson v. State*, 159 Ga. App. 819 (1) (285 SE2d 252) (1981). Appellant claims that evidence of his co-defendant's prior conviction prejudiced appellant by placing him in the company of a convicted felon who had been found guilty of conspiracy, the theory under which the State was operating to obtain appellant's conviction. Even if we were to agree that appellant suffered some prejudicial effect from the admission of his co-defendant's prior conviction, our review of the record does not reveal the denial of due process necessary to grant a new trial. Therefore, the denial of the motion for severance was not error. Nor was it error to deny appellant's motion for mistrial, for that is a matter within the discretion of the trial court and is not grounds for reversal on appeal unless a mistrial was mandated to insure a fair trial. *Everett v. State*, 253 Ga. 359 (4) (320 SE2d 535) (1984).

4. Appellant's next enumerated error was resolved against him in the appeal of his co-defendant. *Dye v. State*, supra.

5. Appellant, who presented no evidence at trial, claims the assistant district attorney was erroneously permitted to comment upon appellant's failure to testify. During his closing argument, the prosecuting attorney remarked several times that the evidence against appellant was unrefuted. This was not improper argument. *Lowe v. State*, 253 Ga. 308 (1) (319 SE2d 834) (1984).

6. Appellant contends that jury instructions on conspiracy and voluntary intoxication were not warranted. However, since the State presented evidence from which it could be determined that appellant and his co-defendant, acting together, robbed the victim, a charge on

conspiracy was in order. *Thomas v. State*, 255 Ga. 38 (2) (334 SE2d 675) (1985). Inasmuch as there was evidence that appellant and his co-defendant were intoxicated, it was not error to inform the jury that voluntary intoxication was not an excuse for the commission of a crime. OCGA § 16-3-4 (c); *Webb v. State*, 159 Ga. App. 403 (3) (283 SE2d 636) (1981).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986.

*Derek Harrison Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Assistant District Attorneys*, for appellee.