## 74728. BASILE v. THE STATE.
(360 SE2d 414)

DEEN, Presiding Judge.

Nancy Basile brings this appeal from her conviction of improper passing as defined in OCGA § 40-6-44 following the denial of her motion for a new trial. She was fined $40.

1. The evidence showed that an automobile had slowed down to make a turn when Ms. Basile crossed the centerline and attempted to

pass it. A collision resulted when the other vehicle turned and the right rear quarter panel of the defendant's automobile was damaged as was the front of the other automobile.

OCGA § 40-6-44 provides in part: "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made *without interfering with the operation of any vehicle approaching from the opposite direction or any vehicle overtaken.*" (Emphasis supplied.)

The other driver testified that she had slowed down and turned on her signal lights well in advance of attempting to turn. A witness testified that she saw the signal light flashing as the vehicle was attempting to turn into her driveway. The defendant denied seeing any signal lights. The driver of the other vehicle further testified that she could have safely made the turn had Ms. Basile's automobile not struck her as she was attempting her turn.

The trier of fact determines the credibility of the witnesses. Construing the evidence in favor of the verdict, we find that it was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Everett v. State*, 253 Ga. 359, 361 (320 SE2d 535) (1984).

2. It was not error for the trial court to permit the state to ask the defendant whether she made a passing motion without interfering with the operation of the vehicle she was passing. She replied, over objection, "I don't know how to answer it. No." As the prosecutor's question dealt with a question of fact, we find no error. Moreover, it is unlikely that appellant's answer contributed to the verdict.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JULY 13, 1987 —
REHEARING DENIED JULY 28, 1987 — 

*Adele P. Grubbs*, for appellant.
*Patrick H. Head*, Solicitor, *Philip M. Goldstein, Melodie H. Clayton*, Assistant Solicitors, for appellee.