S07A0163. STOKES v. THE STATE.
S07A0164. HOBDY v. THE STATE.
S07A0165. TINSLEY v. THE STATE.
(644 SE2d 116)

HUNSTEIN, Presiding Justice.

Vincent Stokes, Bobby Joe Hobdy and Christopher Tinsley were jointly tried and convicted of malice murder, aggravated assault and possession of a firearm during the commission of a felony in the shooting death of Marlo Mobley and the attack on Carletha Strickland and Rogenlee Williams outside a Ramada Inn in Kingsland, Georgia. We have consolidated their appeals from the denial of their motions for new trial.[1] Finding no error, we affirm.

1. Evidence was adduced at trial that appellant Hobdy was beaten and robbed at his apartment by three men on March 26, 2004. The following day, victims Mobley, Strickland and Williams attended a party at the Ramada Inn Sports Bar. As they were leaving around midnight, they were struck by bullets fired by a man with a gun hanging out the rear passenger-side window of a gold SUV. Mobley was fatally shot in the chest; Strickland was hit below the eye; and Williams was struck twice in the buttocks. The jury was authorized to find that on March 27, 2004, appellant Hobdy drove his gold Tahoe SUV, with appellant Tinsley as his passenger, to Jacksonville, Florida to collect Jon Dantzler. On the trip back, Hobdy stated that he "wanted to straighten about his money" and drove to the Ramada Inn in Kingsland. Hobdy got in touch with appellant Stokes by cellphone and shortly thereafter Stokes arrived at the Ramada in a car driven by Amanda Milledge, accompanied by her friend Brandy Williams.

---

[1] The crimes occurred on March 28, 2004. Stokes, Hobdy and Tinsley were indicted May 5, 2004 in Camden County for murder, felony murder, three counts for the aggravated assaults on Mobley, Strickland and Williams and counts for possession of a firearm during the commission of a felony for each of the three victims. They were found guilty of malice murder, the aggravated assaults and the possession counts on July 14, 2005 and were sentenced July 25, 2005 to life imprisonment for the murder of Mobley with two consecutive 20-year sentences for the aggravated assaults on Strickland and Williams and three consecutive five-year sentences for the firearm possession charges. They filed timely motions for new trial, which, as amended, were denied on August 7, 2006. Stokes filed a notice of appeal on August 16, 2006; Hobdy on August 25, 2006; and Tinsley on September 1, 2006. Their appeals were docketed September 29, 2006 and were submitted for decision on the briefs.

Stokes and Tinsley then transferred several weapons, including a rifle, placed earlier by Stokes in Milledge's car, into the SUV. The three appellants and Dantzler went into the Ramada but left the party shortly after appellant Tinsley had an exchange of words with Mobley, who then also left. Appellants and Dantzler got into Hobdy's SUV. Hobdy drove the Tahoe slowly around the building and, while passing the front entrance, pointed to a person outside, stopped the vehicle and said "let him have it." Stokes, who was sitting in the rear passenger-side seat, opened fire. After leaving the scene, appellants dropped off Dantzler and picked up Coneshia Levy. Hobdy told Levy that while at the party at the bar he saw the men who had earlier robbed him; during the same conversation, Stokes commented that he "d[id]n't know if the [victim]'s dead because he's still moving" and asked Tinsley whether "he" had hit anyone, to which question Tinsley responded that he did not know. Dantzler testified that the next day he contacted a former Federal agent he knew, which eventually led to Dantzler giving a statement to the police about the shooting.

The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellants were guilty of the crimes for which they were convicted either as perpetrators or parties to the crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The State introduced both direct and circumstantial evidence to prove that appellants rode in the Tahoe and participated in the shooting of the victims. See also OCGA § 16-2-20 (b); *Guyton v. State*, 281 Ga. 789 (1) (642 SE2d 67) (2007). Even assuming, as appellants argue, that Dantzler was an accomplice, the State presented additional corroborating evidence (e.g., the testimony of Milledge, Brandy Williams, Levy and the surviving victims) tending to connect appellants to the crime. See id. (slight evidence from extraneous source identifying defendant as participant in the crime is sufficient to corroborate accomplice testimony).

2. Appellants Hobdy and Tinsley contend the trial court committed reversible error when it denied their motion for mistrial made after the prosecutor told the jury venire it was not a death penalty case.[2] The trial court sustained defense counsel's objections to the prosecutor's comments but denied their motion for mistrial, which counsel for Hobdy renewed after the trial court gave the potential

---

[2] The transcript reveals that after asking the potential jurors questions such as whether they had any beliefs against judging another person, the prosecutor stated:

This is not [a] death penalty case. This is not a case in which a possible punishment is the death penalty. That is not an issue in the case. But with regard to that issue —

Defense counsel for Hobdy then objected. Counsel for the other appellants subsequently joined in the objection.

jurors the requested instruction that they were not to concern themselves with the issue of possible punishment.[3] We find meritless Hobdy's argument that the prosecutor's comment violated OCGA § 17-8-76 (prohibiting counsel in criminal case from arguing to jury that convicted defendant may not serve full sentence if pardoned, paroled or granted clemency). As in *Norwood v. State*, 252 Ga. 292 (313 SE2d 98) (1984), in which the trial court questioned the prosecutor in front of the jury panel to clarify that the State was not seeking the death penalty, the prosecutor's comment here "did not reflect upon the guilt or innocence of the defendant to be tried. [Hobdy] has not demonstrated any harm attributable to the statement and this [C]ourt cannot discern any harm under the circumstances presented here." Id. at 293 (2). "The grant or denial of a mistrial is within the discretion of the trial judge and will not be grounds for reversal on appeal unless a mistrial is mandated to ensure a fair trial. [Cit.]" Id. at 294 (3). We find no abuse of discretion here.

3. Appellant Hobdy contends the trial court erred by refusing to give the jury Hobdy's requested charge regarding the jury's consideration of the credibility of a witness who testifies "under a grant of immunity from prosecution or a promise of no prosecution by the state (or who testifies pursuant to a promise of leniency or as the result of a negotiated plea in which leniency may be inferred)." The trial court denied the request because no witness testified under a grant of immunity and the record shows the trial court was correct in this regard. Nevertheless, Hobdy asserts his requested charge should have been given, relying on testimony at trial that he asserts intimated the State had agreed not to prosecute Dantzler in return for his cooperation. This assertion is meritless.

> A requested charge must be legal, apt, and precisely adjusted to some principle involved in the case and be authorized by the evidence. If any portion of the request to charge fails in these requirements, denial of the request is proper.

(Punctuation, footnotes and emphasis omitted.) *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997). The trial court did not err by refusing to give the partially inapt charge requested by Hobdy. See generally *Kessel v. State*, 236 Ga. 373 (2) (223 SE2d 811) (1976) (refusal to give requested charge that is not correct and perfect will

---

[3] The record shows that Tinsley acquiesced in the trial court's decision to give curative instructions and neither renewed nor joined in Hobdy's renewal of his motion for a mistrial after they were given. Tinsley has thus waived this issue for purposes of appeal. *Thomason v. State*, 281 Ga. 429 (13) (637 SE2d 639) (2006).

not be cause for new trial); *Smith v. State*, 202 Ga. 851 (6) (45 SE2d 267) (1947) (no error to refuse requested charge that is partly inapt and inaccurate).

4. Contrary to appellant Tinsley's contention, we find no abuse of the trial court's discretion in excusing for hardship a potential juror who asked to be excused on the bases that he was taking morphine twice daily because of back surgery that would also require him to stand up from time to time; had been diagnosed with manic depression and was on medication for that condition; and stated that he would not be able to concentrate on one thing for long periods of time. See OCGA § 15-12-1 (a); *Sealey v. State*, 277 Ga. 617 (8) (593 SE2d 335) (2004).

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Richard O. Allen*, for appellant (case no. S07A0163).
*Robert L. Crowe*, for appellant (case no. S07A0164).
*Joseph E. East*, for appellant (case no. S07A0165).
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.