## 32804. EUBANKS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Eubanks was convicted by a jury of the strangulation murder of his mother and sentenced to life imprisonment. He appeals, citing seven errors. We affirm.

Evidence was introduced by the state to show that Eubanks strangled his mother on Friday afternoon, May

13, 1976, then placed her upon her bed. On Monday, May 16, 1976, appellant's brother, Al Eubanks, came to the house, observed his mother's body and called police. Captain John Quinlan testified he viewed the body, talked with neighbors and then talked with appellant, at first as a witness to ascertain what had happened; then, following a point in the interview when appellant expressed the view that he knew what had happened because "he was there," the officer delivered Miranda warnings and subsequently tape recorded a confession from appellant. Quinlan's testimony and the contents of the taped confession were challenged and following a Jackson-Denno hearing, the court ruled this evidence admissible. The defense pursued a plea of not guilty by reason of insanity and presented evidence of a history of mental illness immediately preceding the murder.

1. There is no merit to appellant's argument that he was "in custody" at the time certain "incriminating remarks" were made prior to receiving the Miranda warnings or that he was not mentally competent to make a voluntary waiver of his rights. In our opinion appellant was not in custody at the time these purported incriminating remarks were made. At that point police officers were merely making preliminary inquiries. As soon as these inquiries indicated that appellant may have committed the crime he was given Miranda warnings. Also there is evidence to support the trial judge's and jury's finding that appellant knowingly, intelligently, and voluntarily waived his Miranda rights.

Appellant further complains that the Miranda warnings were inadequate because he was not advised that he was entitled to have an attorney *present* during interrogation. We disagree. We do not believe the Miranda warnings must be literally expressed as set forth in Miranda v. Arizona, 384 U. S. 436, 479 (86 SC 1602) (1965). As stated in Michigan v. Tucker, 417 U. S. 433, 451 (94 SC 2357) (1973), citing Harris v. New York, 401 U. S. 222 (91 SC 643) (1971), "This court has already recognized that a failure to give interrogated suspects full Miranda warnings does not entitle the suspect to insist that statements made by him be excluded in every conceivable context." Justice does not demand that every oversight by

an officer in making the Miranda statement must result in a reversal. Here, the suspect was advised he did not have to say anything to the officers; if he did, what he told them could and would be used against him in a court of law; that he had a right to an attorney; and if he couldn't afford an attorney, one would be provided. It is implicit in this instruction that if the suspect desired an attorney the interrogation would cease until an attorney was present. We decline to follow Windsor v. United States, 389 F2d 530 (1968) and that line of cases as argued by appellant in his brief.

2. Appellant contends the statements of the district attorney in his closing argument were prejudicial. In light of our previous rulings in *Graham v. State,* 236 Ga. 378 (223 SE2d 803) (1976); *Berryhill v. State,* 236 Ga. 549, 552 (221 SE2d 185) (1975); and *Hulsey v. State,* 233 Ga. 261 (210 SE2d 797) (1974), we find no error.

3. In other enumerations, appellant attacks the failure to grant his motion for new trial on "general" grounds; error in admitting photographs of the deceased into evidence; error in admitting the contents of the taped interrogation; error in omitting the charge on confessions that a waiver must be voluntary, knowing and intelligent; and in failing to charge that the jury must decide the issue where the defense contends appellant's confession was not freely and voluntarily made. We have carefully reviewed these enumerations and find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 23, 1977 — DECIDED NOVEMBER 8, 1977.

*Watson, Brown, Foster & Murphy, George T. Brown, Jr.,* for appellant.

*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.