## 66713. THOMPSON v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of armed robbery, aggravated assault, and possession of a firearm by a convicted felon. This appeal is based on several alleged errors by the trial court and on the general grounds.

At trial, the evidence revealed that on March 9, 1982, Henry W. Pierce and appellant entered the home of Clarence (a/k/a Jody) Donnell and, by use of a pistol, took property from him and, again with the use of a deadly weapon, assaulted the person of Floyd Blair, Donnell's 12-year-old stepson. Although Mr. Donnell could never positively identify appellant as one of the robbers, appellant was identified by Blair and by Mrs. Donnell, who saw the two men approach the house as she was leaving to go shopping.

On May 18, 1982, appellant was traced by law enforcement officers to a motel where he was staying with his girl friend. Upon answering a knock at the door of the room, appellant was immediately handcuffed and put under arrest. When told that the officers had a warrant for his arrest for armed robbery, appellant asked who had sworn out the warrant. When the officers told him that it was Jody Donnell, appellant allegedly replied, "Well that son of a bitch . . . I went back to get my dope back . . . Jody pulled a gun on me. It made me mad, I took the weapon from him, whipped his ass, took his money and his dope." In the motel room where appellant was arrested, officers found numerous firearms and assorted jewelry, some of which were suspected of being stolen property.

1. Appellant argues that it was error to allow into evidence the incriminating statement he made immediately after his arrest and before he was advised of his rights under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). Appellant, in the alternative, contends that if the statement was in fact admissible, the trial court

erred by failing to give appellant's requested charges regarding the preliminary determinations the jury must make before taking into consideration a statement made by a defendant.

"Miranda defines custodial interrogation as 'questioning *initiated* by law enforcement officers' after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. (Emphasis supplied.) Miranda, supra at 444." *Williams v. State,* 159 Ga. App. 772, 774 (285 SE2d 232). In the present case, the arresting officers did not question appellant but were themselves questioned by appellant regarding the identity of the prosecutor of his arrest warrant. Appellant's statement was made in spontaneous response to the officer's answer. "It is apparent that the admission of guilt was not the product of interrogation but was a spontaneous statement of the appellant and therefore admissible." *Jacobs v. State,* 137 Ga. App. 592, 593 (224 SE2d 462).

In addition, after careful review of the trial judge's charge to the jury, we find that such charge basically covered the instruction requested by appellant and was an accurate statement of the law. Accordingly, this enumeration is without merit. *Mullins v. State,* 157 Ga. App. 204 (6) (276 SE2d 877).

2. Appellant contends that it was error to admit into evidence firearms and pictures of the firearms and assorted jewelry found in the motel room occupied by appellant and his girl friend at the time of his arrest. He argues that the evidence was irrelevant and that the state failed to prove a connection between appellant and the evidence in question.

The relevance of the guns is apparent because, in addition to armed robbery and aggravated assault, appellant was indicted for possessing firearms as a convicted felon. The inclusion of the guns into evidence was necessary to prove the elements of this offense. OCGA § 16-11-131 (Code Ann. § 26-2914). Furthermore, one of the recovered guns was identified as having been taken in the Donnell armed robbery.

In regard to the photographs of the jewelry, " '[i]t is well settled that all of the circumstances connected with an accused's arrest . . . are admissible as evidence at trial . . .' [Cit.]" *Jimerson v. State,* 163 Ga. App. 54 (293 SE2d 513). In *Jimerson,* this court allowed the introduction of items found at the scene of the defendant's arrest that were not directly relevant to the charges brought against him. In light of the foregoing authority, we find that the trial court did not err in admitting into evidence the items found in appellant's motel room at the time of his arrest.

Appellant also argues that he was insufficiently connected to the disputed evidence. Appellant was arrested in a hotel room that was

registered in his girl friend's name. Appellant came to the door half-dressed, and the arresting officer saw men's clothing hanging in the closet which appeared to be approximately appellant's size. Additionally, appellant admitted that the luggage in which the jewelry was found was his. The firearms were found in the clothing. " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it . . . If two or more persons shared actual or constructive possession of the thing, possession is joint' . . . [and] the jury would be authorized to convict if they should find, beyond a reasonable doubt, that the defendant 'had actual or constructive possession, either alone or jointly with others.' " *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872). We hold that the items were sufficiently connected to appellant to allow their admission into evidence.

3. Appellant argues that the trial court did not comply with his motion to record all trial proceedings, including all jury voir dire, opening and closing statements, and bench conversations. Whatever merit this enumeration of error may have, though none is readily apparent, was rendered unreviewable on appeal when appellant failed to invoke a ruling by the trial court on the motion. *Dover v. State,* 250 Ga. 209 (4) (296 SE2d 710).

4. Appellant further contends that the indictment was facially invalid regarding the charge of aggravated assault, because there was no direct evidence that appellant had personally assaulted anyone. However, OCGA § 16-2-20 (Code Ann. § 26-801) states in relevant part: "(a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. (b) A person is concerned in the commission of a crime only if he . . . (3) Intentionally aids or abets in the commission of the crime . . . " It follows that even though Floyd Blair identified Henry Pierce as the man who held the gun to his head, appellant was identified as being at the scene of the robbery aiding Pierce in his felonious act. Therefore, pursuant to OCGA § 16-2-20 (b)(3) (Code Ann. § 26-801), the state was authorized to indict appellant for aggravated assault since he "aided and abetted" Pierce in the commission of the offense. *Jackson v. State,* 163 Ga. App. 526 (1) (295 SE2d 206).

5. Finally, appellant asserts the general grounds, contending that the state failed to carry its statutory burden because Donnell could never positively identify appellant as one of his assailants. However, his stepson and wife *did* positively identify appellant as being at the scene of the robbery. This evidence, coupled with

appellant's incriminating outburst at the time of his arrest, provides a sufficient basis upon which a rational trier of fact could find appellant guilty beyond a reasonable doubt of all charged offenses. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 14, 1983 —
REHEARING DENIED NOVEMBER 3, 1983 — CERT. APPLIED FOR.

*Philip L. Ruppert,* for appellant.
*Robert E. Keller, District Attorney,* for appellee.