## 69078. GRAVITT v. THE STATE.
### (324 SE2d 803)

McMurray, Chief Judge.

Defendant was indicted for the offense of possession of a firearm by a convicted felon. It was alleged that on April 3, 1982, after having been convicted of numerous felonies, defendant possessed a certain "MAB" automatic pistol contrary to the laws of this State.

The case was tried before a jury. The State presented evidence that on April 3, 1982, the pistol in question was sold to a pawn shop in Clayton County; that the defendant's name, address, driver's license number and fingerprint appeared on documents in connection with the sale of the pistol; and that the defendant was a convicted felon.

The State called the owner of the pawn shop as a witness. The owner identified the documents which pertained to the sale of the weapon; but he was unable to state what took place at the time of the sale because he was not involved personally with the purchase of the weapon. The pawn shop employee who purchased the pistol on behalf of the pawn shop did not testify.

There was evidence that the pistol was purchased by defendant's father-in-law eight or nine years before the trial; that the pistol was given to defendant's brother-in-law five years before the trial; that the pistol was not in working condition when it was given to defendant's brother-in-law; and that the pistol had never been fixed. Defendant's wife testified that she found the pistol after she and the defendant moved into a house which had been occupied previously by defendant's brother-in-law; that she asked defendant's brother-in-law what she should do with the pistol and that he told her she could do whatever she wanted with it; that she decided to sell the pistol; that she was driven to the pawn shop by the defendant; and that she carried the pistol to the pawn shop in her purse and laid the pistol on the counter.

With regard to the sale of the weapon, defendant's wife testified

that the defendant negotiated the sale of the pistol on her behalf since she was not knowledgeable in such matters; that the money for the pistol was given by the pawn shop employee to the defendant; and that the defendant immediately handed the money over to her. She explained that the defendant's name and fingerprint appeared on the pawn shop documents because she did not have her driver's license with her at the time of the sale and that, therefore, it was necessary for the defendant to use his identification to complete the sale.

The defendant testified on his own behalf. Essentially, defendant's testimony was congruent with the testimony given by his wife. He added: "I never had possession of the gun at any time, [and] never had any attempt [sic] to have possession of the gun at any time. I never wanted the gun around me or, you know, had any intentions toward the gun whatsoever." In sum, the defendant testified that his sole connection with the pistol was that he "dickered over the price" on behalf of his wife.

On cross-examination, defendant admitted he had been convicted of several crimes involving firearms: possession of a firearm during the commission of a crime, aggravated assault (defendant shot someone with a gun), and burglary (defendant stole a rifle from a house). He conceded that it was not unusual for him to possess a firearm even after he had been convicted of a felony.

Defendant also admitted that a sawed-off shotgun was kept under his bed during the period of time in which he lived in the house where his wife found his brother-in-law's pistol; but he denied possessing the shotgun and stated it belonged to his brother. Defendant acknowledged that the shotgun was transported in his truck on June 17, 1982; that the shotgun was used in a homicide which he witnessed; and that thereafter the shotgun was transported in his truck to a bridge where it was thrown in the Chattahoochee River. But defendant denied possessing the shotgun on June 17, 1982, and stated it was his cousin who took possession of it. Moreover, defendant admitted that he purchased another gun from a pawn shop in June 1982; and that he lied on the application used to purchase the gun by denying that he was a convicted felon. With regard to this weapon, defendant explained that his wife began working as a waitress at that time and that he purchased the gun for her use. Finally, defendant admitted that he had been in close proximity with still more guns even though he had been convicted of a felony. He denied that he possessed the guns, however, choosing to explain: "A lot of people that have been around me have had firearms . . ."

The jury determined that defendant was guilty of the offense of possession of a firearm by a convicted felon as charged and he was sentenced to serve five years in the penitentiary. On appeal, defendant only contends the evidence was not sufficient to support the ver-

dict. *Held*:

1. " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it . . . If two or more persons shared actual or constructive possession of the thing, possession is joint' . . . [and] the jury would be authorized to convict if they should find, beyond a reasonable doubt, that the defendant 'had actual or constructive possession, either alone or jointly with others.' " *Lee v. State*, 126 Ga. App. 38 (2) (189 SE2d 872). Accord *Thompson v. State*, 168 Ga. App. 734, 735 (2) (310 SE2d 725).

2. The evidence that defendant was often in possession of firearms although he was a convicted felon was introduced without objection to demonstrate defendant's bent of mind, intent, or course of conduct. See generally *Thomas v. State*, 156 Ga. App. 286 (1) (274 SE2d 684). We think the evidence showing defendant, a convicted felon, to be the seller of the pistol, coupled with the evidence of other transactions, was sufficient to enable a rational trier of fact to reasonably have found that the defendant was guilty beyond a reasonable doubt of possessing (actually, or constructively, or jointly) a firearm on the date in question. *Richardson v. State*, 170 Ga. App. 79 (316 SE2d 180). See *Thompson v. State*, 168 Ga. App. 734, 735 (2), supra. Compare *Battle v. State*, 160 Ga. App. 111 (1) (286 SE2d 341).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1984.

*Robert L. Godwin*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.