## A90A0556. KIRKSEY v. THE STATE.
(393 SE2d 508)

BANKE, Presiding Judge.

Kirksey appeals his convictions of three counts of armed robbery,

two counts of theft by taking, and three counts of possession of a knife during the commission of a crime. *Held*:

1. The appellant contends that the trial court erred in overruling his objection to the state's use of a peremptory challenge to strike a black juror. The objection was predicated on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The transcript reveals that two of the prospective jurors were black, that the state used a peremptory challenge to strike one of them, and that the other was selected to serve on the jury. We do not believe these facts establish a prima facie showing of racial discrimination in the jury selection process. See generally *Williams v. State*, 258 Ga. 80 (3) (365 SE2d 408) (1988). Moreover, in response to the appellant's assertion of discrimination in the jury selection process, the state's attorney explained that she had stricken the juror at issue based on a concern that the juror might identify with and be sympathetic to the young defendant due to her "youth"; and it was further shown that three white jurors had also been stricken on the basis of youth. Under the circumstances, the trial court clearly was not required to find that the state had exercised its peremptory strikes in a racially discriminatory manner. Consequently, this enumeration is without merit.

2. The trial court did not err in allowing the appellant's "mugshot" to be introduced into evidence. "It is well settled that the mere admission into evidence of a ' "picture of defendant with an identifying number does not indicate that the defendant was guilty of any previous crime and does not place his character in issue." (Cits.)' [Cit.]" *Dorsey v. State*, 183 Ga. App. 409 (1) (359 SE2d 195) (1987).

3. Viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient to enable a rational trier of fact to find the appellant guilty of each of the offenses of which he was convicted beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED APRIL 16, 1990.

*Floyd H. Farless*, for appellant.

*Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant District Attorney*, for appellee.