A99A1498. SCOTT v. THE STATE.
(522 SE2d 535)

ELDRIDGE, Judge.

Johnny Scott was arrested for selling crack cocaine to Jeremy Mann. Scott gave a statement to the police admitting to the sale. At trial, Mann testified that Scott sold him crack cocaine; Scott's confession to the police was also put before the jury. In addition, three similar transactions were introduced against Scott. Scott, on the other hand, testified that he never sold cocaine to Mann and that his arrest was a police set-up because he refused to implicate a third party. A Muscogee County jury did not believe Scott's version of events and found him guilty of sale of cocaine. He appeals the conviction. We affirm.

1. Scott challenges the sufficiency of the evidence introduced against him by attacking the credibility of the State's witnesses. However, "an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). Accordingly, we find the evidence sufficient for a rational trier of fact to have found Scott guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court held a *Jackson-Denno*[1] hearing to determine

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

the admissibility of Scott's in-custody statement. At the hearing, the State produced testimony from the arresting officer which would authorize a finding that Scott freely and voluntarily made the statement. Scott, on the other hand, testified that he made no statement at all and that the police "fabricated" the confession. Accordingly, the trial court was called upon to make a credibility determination. Finding the arresting officer's testimony the more credible of the two, the trial court admitted Scott's statement.

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." (Citations and punctuation omitted.) *Lawton v. State*, 263 Ga. 168, 171 (429 SE2d 921) (1993). Based upon a review of the transcript of the *Jackson-Denno* hearing, there was no error in the trial court's determination that Scott's statement was admissible into evidence. *Warbington v. State*, 267 Ga. 462, 463 (3) (479 SE2d 733) (1997).

3. Scott claims error in the State's closing argument. While urging the jury to "stomp it [drug abuse] out now," the prosecutor referred to crack cocaine as a "slow killer" and analogized the prevalence of the drug to the "Black Plague." We find no error. "[T]he State may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." (Citation and punctuation omitted.) *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993).

4. Scott contests the admission of similar transaction evidence. Scott contends that the State failed to show any similarities between three prior offenses and the case-in-chief. We disagree.

In the case-in-chief, Scott was standing on the corner of 24th Street and 15th Avenue in Columbus, which is a high drug crime area. Mann pulled up in his vehicle. Scott approached the vehicle, and Mann asked him for $10 worth of cocaine. Scott sold him the drug, and Mann asked for $20 more. Scott left the vehicle to get more cocaine; he walked onto the porch of a house on the corner, where another man was waiting. The police arrested Scott on the porch.

With regard to the independent offenses, a 1996 offense occurred at the same locale as the instant case, i.e., 24th Street and 15th Avenue in Columbus. As in the instant case, Scott and another man were standing on the corner for no apparent purpose. A police drug patrol stopped to investigate what appeared to be loitering. When approached by the officers, Scott dropped a piece of tissue. Officers retrieved the tissue which contained crack cocaine. A 1994 case came out of nearby 25th Street in Columbus. Officers received complaints that two men were selling drugs from the porch of an abandoned home. When officers approached the porch, crack cocaine was in

plain view thereon. Scott was one of two men on the porch. Finally, a 1987 case also came out of 24th Street in Columbus. An undercover officer approached Scott on the street and asked for ten Ritalin pills, which, like cocaine, is a Schedule II drug.[2] Scott took the money, went around the corner to an unknown locale, and returned with the pills. He was arrested.

"On the question of similarity, the trial court's findings will not be disturbed unless clearly erroneous." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 220 (435 SE2d 737) (1993). Here, both the case-in-chief and the independent offenses tend to show that Scott has been selling illegal drugs on the streets in and around the same area in Columbus for many years. All three of the independent offenses and the instant offense demonstrate an undeniable course of conduct. The trial court did not err in admitting this evidence.

5. Scott contends that the State violated *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), by using four peremptory strikes against black prospective jurors. The record shows that the State gave reasons for these four peremptory strikes, rendering the necessity of a preliminary showing of prima facie discrimination moot. *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626) (1993). Following the State's explanations, the trial court determined that the State had not acted with discriminatory intent: "I detect no racial overtones here." This ruling will be affirmed unless it is clearly erroneous. *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

Individual voir dire was not taken down. However, the State's reasons were race-neutral on their face. Juror 1 was struck for health reasons and because a family member had a prior conviction. See *Slade v. State*, 270 Ga. 305 (509 SE2d 618) (1998). Juror 11 was struck because he was a postal worker, and postal workers had been instrumental in creating hung juries during at least three other trials in which the prosecutor participated. See *Johnson v. State*, 266 Ga. 775, 776-777 (470 SE2d 637) (1996). Juror 16, the only widow on the panel, was struck because, in the prosecutor's experience, widows "seem to be more sympathetic" to defendants. See *Kirksey v. State*, 195 Ga. App. 379, 380 (1) (393 SE2d 508) (1990). Juror 25 was struck because she lived in what is apparently the worst drug crime area in Columbus. The trial court noted that a juror from that area may well be "scared to go home having convicted somebody of a drug offense." See *Smith v. State*, 264 Ga. 449, 454 (448 SE2d 179) (1994); *Sorrells v. State*, 218 Ga. App. 413, 414 (461 SE2d 904) (1995).

"A trial court's determination of a *Batson* challenge rests largely

---

[2] OCGA § 16-13-26 (3) (D).

upon assessment of the attorney's state of mind and credibility; it therefore lies peculiarly within a trial judge's province." *Burton v. State*, 233 Ga. App. 429, 430 (504 SE2d 279) (1998). Here, the trial court found no evidence of racial discrimination in the State's otherwise racially neutral explanations. We cannot say that such determination was clearly erroneous.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 14, 1999.

*Carolyn E. Moller*, for appellant.

*J. Gray Conger, District Attorney, E. Wayne Jernigan, Jr., Assistant District Attorney*, for appellee.