## A01A1526. MOSELY v. THE STATE.
(553 SE2d 197)

ELLINGTON, Judge.

A Jeff Davis County jury convicted Terrance Jay Mosely of armed robbery, OCGA § 16-8-41 (a). Mosely appeals from the denial of his motion for new trial, contending the trial court erred in admitting his custodial statement. Finding no error, we affirm.

Mosely argues that the trial court erred in ruling that his custodial statement was freely and voluntarily made and without the hope of benefit. He contends he gave a statement so that the police would "go easier" on him and he "would get mercy of the Court." At a *Jackson-Denno*[1] hearing, the State established that Mosely was taken into custody very shortly after the May 17, 2000 armed robbery of a Hazlehurst convenience store. Upon Mosely's arrest and again immediately prior to his interview at the jail, an investigator read Mosely each of the *Miranda*[2] warnings from a card. Mosely agreed to speak with the investigator without an attorney present. He signed a written statement admitting his involvement in the robbery. The investigator testified that he made no threats or promises to induce this statement, and that Mosely agreed to talk of his own free will.

In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. *Reinhardt v. State*, 263 Ga. 113, 115 (3) (b) (428 SE2d 333) (1993). Although Mosely testified that an officer told him that if he cooperated, the police would "go easier" on him, the officer who was present and read Mosely his *Miranda* warnings testified to the contrary. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of [the defendant's statement at a *Jackson-Denno* hearing] will be upheld on appeal." (Citations and punctuation omitted.) *Scott v. State*, 240 Ga. App. 50, 51 (2) (522 SE2d 535) (1999). The trial court was authorized to accept the investigator's testimony and reject Mosely's self-serving explanation. Considering the totality of the circumstances, the record supports the determination that Mosely's statements were freely and voluntarily made and without the promise of leniency.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 31, 2001.

*John S. Wetzler*, for appellant.

---

[1] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

*Stephen D. Kelley, District Attorney, Jan Kennedy, Assistant District Attorney*, for appellee.