## A01A2205. ADDISON v. THE STATE.
(564 SE2d 204)

PHIPPS, Judge.

William Addison appeals his conviction of possession of a firearm by a convicted felon, contending that he was improperly tried on that charge before other more serious offenses and that the evidence was insufficient to support the verdict. He also contends that the trial court erred by admitting his in-custody statements, by admitting certain items into evidence, by charging the jury on voluntary intoxication, and by refusing to charge the jury on bare suspicion. Addison has shown no reversible error, and we affirm.

The evidence at trial showed that at about 10:00 p.m. on November 24, 1999, in response to a call about a domestic dispute between Addison and his girlfriend, law enforcement officers arrived at the apartment building where Addison lived with his sister. Addison's girlfriend had left the apartment, leaving Addison alone there. After a standoff with law enforcement, Addison was forced out of the apartment unit when officers projected tear gas inside at about 10:00 a.m. on November 25. He was arrested. Officers then entered the apartment and recovered a semi-automatic rifle, a magazine that fit the rifle, and a bullet shell casing.

Louis Shepard, an investigator for the police department, interviewed Addison at about 11:45 a.m. on November 25. Shepard testified that during the interview, Addison admitted to having had a rifle the previous night. Addison also told Shepard that he had consumed "about a six-pack."

---

[9] *Roberts v. State*, 252 Ga. 227, 233 (7) (314 SE2d 83) (1984) (no right to rehabilitate during voir dire).

Addison testified that he had consumed "about a 12-pack" from about 10:30 on the evening of November 24 until 10:00 a.m. the next day and that he was still "groggy" when he gave the statement. He went on to explain that the gun in the apartment was one he had borrowed for hunting.

1. Addison contends that the trial court erred in admitting his inculpatory in-custody statements to Shepard.

The trial court held a *Jackson-Denno*[1] hearing to determine the admissibility of Addison's statements. At the hearing, Shepard testified as follows. Before asking Addison any questions about the incident, he read Addison his *Miranda* rights. Addison did not appear to be under the influence of alcohol or drugs and seemed to understand the rights. He did not threaten Addison in any way, nor did he promise him anything in return for making a statement. Addison had signed a form stating that he waived his *Miranda* rights, although Shepard did not know what happened to the form. He then told Addison that he was going to ask him questions about the incident of the previous evening. The interview lasted "an hour, hour or two," during which time Addison admitted that he had been in possession of a rifle that evening.

Addison, however, testified that no one advised him of his *Miranda* rights, that he did not sign any waiver of rights form, that he had become intoxicated the night before after consuming at least a six-pack of beer, and that he was "still dazed" from the alcohol and from the tear gas on the morning of the interview.

The trial court determined that Addison's statements were freely and voluntarily given and admitted the statements. A trial court's factual findings and credibility determinations relating to the admissibility of a defendant's statements at a *Jackson-Denno* hearing will be upheld on appeal unless clearly erroneous.[2] The court was authorized to accept Shepard's testimony and reject Addison's. Considering the totality of the circumstances, the record supports the court's determination that Addison's statements were freely and voluntarily given, and thus, it is not clearly erroneous.[3]

2. Addison contends that the trial court erred in admitting the rifle, the bullet shell casing, and the magazine with a shell casing, asserting there was no evidence that the items were recovered from inside the residence. But contrary to his assertion, Addison testified that he carried the rifle and the ammunition to a closet in the rear of the apartment, and a law enforcement officer testified that all three

---

[1] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[2] *Mosely v. State*, 250 Ga. App. 892 (553 SE2d 197) (2001); *Scott v. State*, 240 Ga. App. 50, 51 (2) (522 SE2d 535) (1999).

[3] See *Mosely*, supra; *Scott*, supra.

items were recovered from the back of Addison's residence. This contention has no merit.

3. Addison contends that the evidence was insufficient to support the verdict. On appeal, this court views the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but determine only whether, under the standard of *Jackson v. Virginia*,[4] the evidence is sufficient to support a verdict of guilt.[5]

> A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. If two or more persons shared actual or constructive possession of the thing, possession is joint[,] and the jury would be authorized to convict if they should find, beyond a reasonable doubt, that the defendant had actual or constructive possession, either alone or jointly with others.[6]

The prosecutor and defense counsel stipulated that Addison was a convicted felon. And Addison admitted that the gun found in the apartment where he was living was one he had borrowed for hunting. The jury was authorized to find Addison guilty beyond a reasonable doubt of possession of a firearm by a convicted felon.[7]

4. Addison claims error under *Head v. State*.[8] *Head* stands for the proposition that where a count charging possession of a firearm by a convicted felon is unrelated to any other count in the indictment, a bifurcation motion should be granted and the jury should first hear and determine the more serious charge, unaware of the pendency of the possession charge.[9] A trial court has no obligation to bifurcate a trial, however, where the defendant does not so request.[10] Because the record shows no motion to bifurcate, this claim of error is waived.[11]

Furthermore, this case is distinguishable from *Head*, wherein an unbifurcated trial resulted in convictions for armed robbery and pos-

---

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] *Cowan v. State*, 243 Ga. App. 388 (1) (531 SE2d 785) (2000).

[6] (Citations and punctuation omitted.) *Gravitt v. State*, 172 Ga. App. 861, 863 (1) (324 SE2d 803) (1984).

[7] *Jackson v. Virginia*, supra; OCGA § 16-11-131; *Gravitt*, supra.

[8] 253 Ga. 429 (322 SE2d 228) (1984).

[9] Id. at 431-432 (3) (a).

[10] *Temple v. State*, 253 Ga. App. 606, 609 (2) (a) (561 SE2d 132) (2002); *Belt v. State*, 225 Ga. App. 813, 814 (2) (a) (485 SE2d 39) (1997).

[11] See *Belt*, supra.

session of a firearm by a convicted felon. Our Supreme Court reversed because the defendant's prior convictions had "nothing to do with any element of the robbery charge, except the forbidden (albeit perhaps the most illuminating) realm of character and propensity for violent crimes."[12] Here, however, the State proceeded to trial only on the charge of possession of a firearm by a convicted felon (Count 4), although the grand jury had also charged him with battery against his girlfriend (Count 1), making terroristic threats to his girlfriend (Count 2), making terroristic treats to law enforcement officers (Count 3), and possession of a gun during the commission of a crime (Count 5). Apparently, Count 4 was severed from the remaining counts and tried first, although the remaining counts could have been tried before another jury. The record reveals that the trial court granted the prosecution's motion to enter nolle prosequi as to Counts 3 and 5 and that after the close of evidence on the second day of Addison's trial, he pled guilty to Counts 1 and 2. To the extent Addison was not afforded *Head*'s procedural safeguards against the prejudice inherent in the admission of evidence of a defendant's prior criminal record, he has shown no harm. In fact, rather than objecting to the admission of evidence of his prior criminal record, Addison stipulated that he was a convicted felon. An asserted error induced by the defendant furnishes no ground for reversal.[13]

Under the circumstances presented by this case, Addison has shown no reversible error in the trial of the possession count prior to disposition of the more serious charges.

5. Addison contends that the trial court erred in charging the jury on voluntary intoxication, arguing that he did not attempt to use it as a defense and there was no basis for so charging the jury. The evidence showed that during the night of November 24, Addison consumed from "about a six pack" to "about a twelve pack" of beer, and he testified that he was "still a little groggy" from the alcohol the next morning. This evidence authorized the trial court's charge on voluntary intoxication.[14]

6. Addison contends that the trial court erred in refusing to charge the jury on bare suspicion. The trial evidence raised more than a bare suspicion of Addison's guilt. It showed that Addison had borrowed the rifle that was found in his residence and that he handled the rifle during the night of November 24. The record also shows that the trial court charged the jury on the presumption of innocence and reasonable doubt. The trial court did not err.[15]

---

[12] *Head*, supra at 431 (2).
[13] *Brison v. State*, 248 Ga. App. 168, 169 (3) (545 SE2d 345) (2001).
[14] See *Hamilton v. State*, 179 Ga. App. 434, 436-437 (6) (346 SE2d 881) (1986).
[15] See *Hodo v. State*, 272 Ga. 272, 275-276 (6) (528 SE2d 250) (2000).

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 20, 2002.

*William L. Jones*, for appellant.
*Peter J. Skandalakis, District Attorney, Nigel R. Lush, Assistant District Attorney*, for appellee.