A02A2021. MARTINEZ v. THE STATE.
(572 SE2d 748)

ELDRIDGE, Judge.
Mario Martinez entered a guilty plea to two counts of trafficking in cocaine and one count of possession of cocaine with intent to distribute, which charges arose when Martinez made three separate sales of cocaine to an undercover agent. Thereafter, he timely moved to withdraw his plea, claiming (1) that his plea was not freely, knowingly, and voluntarily entered; and (2) that he received ineffective assistance of counsel. Following an evidentiary hearing, the trial

court denied Martinez's motion to withdraw. As the record supports the trial court's ruling, we affirm.

1. Martinez contends that (a) the State failed to show that his plea was entered freely, knowingly, and voluntarily; (b) the record fails to show that the trial court personally informed Martinez of the rights he would be waiving by pleading guilty; (c) the trial court failed to ascertain a sufficient factual basis for the plea; and (d) the Spanish interpreter used during the plea and sentence was not "court certified." These contentions are meritless for the reasons that follow.

(a) The transcript of the plea colloquy was accompanied by a two-page plea form wherein, pursuant to the requirements of Uniform Superior Court Rule 33.8, Martinez acknowledged all of the rights he was waiving by virtue of the entry of his plea and acknowledged the 25-year mandatory sentence he was to receive for the offense of trafficking in cocaine, 400 grams. Via an interpreter, Martinez told the trial court that he had gone over the plea forms with his attorney and discussed its contents. When Martinez was asked whether he had any questions about the plea forms or the rights he was waiving, he stated, "No." Martinez informed the court that he had no questions about what was taking place or about the recommended sentence.[1] At the hearing on the motion to withdraw, Martinez affirmed his answers at the plea hearing.

In addition, Martinez's attorney signed a separate plea sheet affirming that he had gone over "each and every word" of the plea forms with Martinez and that

> I have advised my client of the alternatives available and of considerations available and of considerations deemed important to [him] in reaching a decision. The plea agreement . . . has not only been made with the consent of the defendant, the decision to plead guilty was independently made by the defendant.

At the plea hearing, defense counsel stated to the court that he had informed Martinez of the charges against him, of his constitutional rights, and of the effect of a guilty plea thereon; the attorney stated that Martinez understood the nature of the proceedings. Further, at the hearing on the motion to withdraw, the attorney testified with regard to the plea forms that "I discussed these with Mr. Martinez, discussed all of his constitutional and statutory rights, and as I did, I checked them off as you can see by each check mark." Defense counsel testified that Martinez wanted to plead guilty; that Martinez had

---

[1] The trial court imposed the recommended sentence pursuant to the negotiated plea.

retained him for the purpose of negotiating and entering a guilty plea; and that Martinez believed, following a plea, he would be immediately deported to Mexico, a result Martinez sought.

"A trial court's ruling on a motion to withdraw a guilty plea after sentencing is pronounced will not be disturbed absent an abuse of discretion."[2] As the record in this case supports the trial court's conclusion that Martinez entered his plea freely, knowingly, and voluntarily, we find no manifest abuse of discretion.

(b) As outlined in USCR 33.8 and noted above, Martinez was informed of the rights he would waive through the entry of his guilty plea. That the trial judge did not personally recite such information presents no basis for granting Martinez's motion to withdraw his guilty plea as long as "the record as a whole demonstrates that appellant's plea was knowing and voluntary."[3]

(c) The record shows that the prosecutor provided the trial court with a factual outline sufficient to support the entry of Martinez's guilty plea to the charged offenses. Martinez's bare assertion to the contrary is meritless.

(d) Norma Flores acted as translator during the plea and sentencing. Flores was born in Mexico, and Spanish is her original language; additionally, she has been speaking English for 30 years. Martinez, who testified at the hearing on the motion to withdraw, never claimed difficulty with the translation or that he did not understand Flores. Indeed, other than the bare contention that Flores is not a "certified court translator," no attendant claim of prejudice is made. Accordingly, we find neither error nor harm, and "harm, as well as error, must be shown for reversal."[4]

2. Martinez contends that his defense attorney was ineffective for allegedly: (a) failing to investigate the case so as to advise Martinez of alternatives; (b) failing to obtain a copy of the police report; (c) waiving a preliminary hearing which would have permitted investigation of the case; (d) failing to file discovery; (e) "affirmatively misinforming" Martinez about his eligibility for parole and deportation; and (f) failing to obtain the Georgia Bureau of Investigation crime laboratory drug report so as to verify the weight and purity of the cocaine before permitting Martinez to plead guilty.

*Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 88 LE2d 203) (1985), established the following test for ineffective assistance of counsel in

---

[2] *England v. State*, 232 Ga. App. 842 (1) (502 SE2d 770) (1998).

[3] *King v. State*, 215 Ga. App. 139, 140 (1) (449 SE2d 870) (1994). See also *Wood v. State*, 190 Ga. App. 179, 181 (2) (378 SE2d 520) (1989); *McClendon v. State*, 256 Ga. 480, 481 (2) (350 SE2d 235) (1986).

[4] *Wood v. State*, 243 Ga. 273, 274 (5) (253 SE2d 751) (1979). See also *Rodriguez v. State*, 271 Ga. 40, 46 (5) (d) (518 SE2d 131) (1999) (failure to show how translation was harmful).

the context of a guilty plea: (1) the performance of counsel "fell below an objective standard of reasonableness . . . [and (2)] defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[5] As always, a trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed unless that determination is clearly erroneous.[6] Under this standard, Martinez's ineffective assistance claim fails.

(a) Martinez's retainer contract with his attorney was introduced at the motion to withdraw; the contract demonstrates that counsel was hired solely for the purpose of negotiating a guilty plea. Defense counsel testified at the hearing on the motion to withdraw that he investigated the case by interviewing Martinez, the district attorney, and the undercover detective who made each of the controlled buys from Martinez, thereby verifying that there was a substantial basis for the State's case and the entry of Martinez's plea. Thus, there is no factual merit to Martinez's claim that counsel failed to investigate.

(b) Defense counsel reviewed a copy of the police report and discussed it with the undercover detective. So, there is no factual basis for Martinez's claim that counsel failed to obtain the police report.

(c) Defense counsel interviewed the undercover detective who would have been the State's witness at any bind-over hearing. Accordingly, the attorney's tactical decision to waive a preliminary hearing does not constitute ineffective assistance of counsel.[7]

(d) Martinez fails to demonstrate how, but for counsel's failure to file discovery, he would not have entered a guilty plea and would have insisted on going to trial. Accordingly, no prejudice has been shown.

(e) Defense counsel testified that he did not tell Martinez that Martinez would be paroled or deported; but that, in fact, Martinez and his brother, Miguel, insisted to him that Martinez would be deported shortly upon entry of the plea:

> Well, it's more what they told me. They said that he would be deported upon this and they wanted a quick plea agreement. And I told them my ethical obligation is that he would be required to spend every day of every year. However, when Pardons and Paroles takes over, that's somewhat like voodoo. They do what they're gonna do.

---

[5] (Punctuation omitted.) *Hill v. Lockhart*, supra at 57-59.

[6] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 2064, 80 LE2d 674) (1984).

[7] *McClarity v. State*, 234 Ga. App. 348, 351-352 (3) (a) (506 SE2d 392) (1998).

Counsel testified that he informed Martinez that he would more likely be deported at the end of his prison term. But when the end of that prison term would be, counsel could not say:

> I said he could be deported at the end of his term, and I believe he probably will. . . . I believe he's probably eligible for parole, but what will happen is Pardons & Parole will take over, and what they do and how they conduct their business is above and beyond my level of comprehension. . . . I indicated to him that when he does a 25-year sentence, Pardons & Paroles takes over, and once they take over, if it's a non-violent crime there's a high likelihood that he won't have to serve the 25 years. But again, my ethical obligation is to tell him, be prepared to do every day of 25 years.

As the record supports the trial court's credibility finding that defense counsel did not "affirmatively misinform" Martinez about parole and deportation, we find no error.[8]

(f) The failure of defense counsel to obtain the GBI crime laboratory drug report prior to the entry of Martinez's plea does not demonstrate ineffective assistance of counsel in light of (i) Martinez's admission of guilt as to the drug amounts charged against him, and (ii) the absence of any evidence that the GBI report would have shown drug amounts different from those charged against Martinez; notably, Martinez has made no attempt to obtain the drug report so as to meet this burden. "[A] conviction will not be reversed on the basis of ineffective assistance of counsel unless counsel's conduct prejudiced the defendant."[9]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 21, 2002.

*James J. Lacy, Michael R. Friedman*, for appellant.
*Robert E. Keller, District Attorney, Adrian Britt, Assistant District Attorney*, for appellee.

---

[8] *Parker v. State*, 226 Ga. App. 462, 466 (8) (a) (486 SE2d 687) (1997) ("The trial court's findings on credibility matters will be upheld unless clearly erroneous, as will its ultimate determination whether the defendant received effective assistance of counsel.").

[9] *Veal v. State*, 242 Ga. App. 873, 876 (3) (531 SE2d 422) (2000).