A04A1124. MADDOX v. THE STATE.
(602 SE2d 326)

BLACKBURN, Presiding Judge.

Following his conviction of financial transaction card theft and the denial of his motion for new trial, Darrell Maddox appeals, arguing that the evidence was insufficient to support his conviction. Finding the evidence sufficient under the standard of *Jackson v. Virginia*,[1] we affirm.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and

---

[Maddox] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the verdict will be upheld.

(Citations omitted.) *Warren v. State.*[2]

Viewed in the light most favorable to the jury's verdict, the evidence shows that in the late afternoon of March 12, 2003, Maddox and his brother, Ricky Maddox, came to the home of Dollie Bryant to do some painting she had hired them to do. The two worked into the night and Bryant fell asleep on the sofa in the living room. When she woke up at about 4:00 a.m., the Maddox brothers were still in the house working.

Bryant went into her bedroom and "noticed something didn't look right." She opened her closet door and discovered that someone had broken into her safe and taken all of her jewelry. When she checked her handbag, she found that two credit cards, her driver's license, and her Social Security card were missing. Frightened, Bryant called her next door neighbor, who advised her to call 911.

When police arrived on the scene, they found Maddox in Bryant's driveway. While one officer spoke with Bryant, a second officer asked Maddox for identification. Maddox produced his driver's license, but the officer, who had noticed another driver's license in the wallet, asked Maddox to produce the second license. The other license was Bryant's. At this point, the officer asked Maddox to let him examine the contents of the wallet; the officer found Bryant's Social Security card, her MasterCard credit card, and her American Express Platinum credit card. The officer also found medication prescribed for Bryant in Maddox's shirt pocket. The officer showed the cards to Bryant and she identified them as her missing credit cards. At trial, she testified that she had not given Maddox permission to take the credit cards.

This evidence was sufficient to allow a rational trier of fact to convict Maddox of credit card theft beyond a reasonable doubt. Maddox points out that he took the stand at trial and testified that he had found the credit cards and had intended to return them to Bryant. "Although defendant denied his intention to commit a theft, it is axiomatic that the credibility of the witnesses is solely a jury

---

[2] *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004).

question." (Punctuation omitted. ) *Legg v. State.*[3]
*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JULY 20, 2004.

Robert M. Bearden, Jr., for appellant.
Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney, for appellee.

---

[3] *Legg v. State*, 204 Ga. App. 356, 357 (1) (419 SE2d 151) (1992).