### A04A2248. NGUYEN v. THE STATE.
(605 SE2d 130)

ELDRIDGE, Judge.

A DeKalb County jury convicted Hien Van Nguyen of a single count of aggravated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)).[1] He was sentenced to 20 years confinement. Granted leave to file an out-of-time appeal by the DeKalb County Superior Court, Nguyen now appeals the superior court's denial of his motion for new trial, contending that the superior court: (1) erred by refusing to suppress his confession upon finding that he knowingly and intelligently waived his *Miranda*[2] rights, and (2) erred by allowing testimony describing him as "in jail" without giving a curative instruction thereon — this improperly putting his character in issue. Finding these claims of error to be without merit, we affirm.

1. The record shows that although his court-appointed attorney advised him not to do so, Nguyen, who is Vietnamese, asked to make

---

[1] The record shows that Nguyen was involved in an argument at a DeKalb County Vietnamese restaurant in which shots were fired. As Nguyen fled the scene, he shot the victim in the hip as the victim sought cover in the parking lot.

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

a statement to Detective John Germano at the conclusion of his preliminary hearing. He did so in broken, simple sentence English, later repeating his request to Detective Germano upon being driven back to confinement. Given Nguyen's repeated requests to make a statement, Detective Germano took Nguyen to police headquarters, placed him in an interview room, and using a telephone Vietnamese interpreter, advised him of his *Miranda* rights, among other things, determining that Nguyen had a ninth grade education. Nguyen's confession followed.

By his brief on appeal, Nguyen correctly points out that the Vietnamese interpreter at the *Jackson-Denno*[3] hearing testified that the telephone interpreter erred in quoting Nguyen as having said, "I'm fully aware of my rights, and thank you." However, the record otherwise shows that Nguyen understood his *Miranda* rights. And Nguyen's claim to the contrary notwithstanding, the record shows that he was fully aware of Detective Germano's status as a police officer.

Where, as here, the record shows that a defendant's *Miranda* rights were duly explained to the defendant and that the defendant understood such rights, an imperfect translation thereof will not foreclose a valid rights waiver. *Tieu v. State*, 257 Ga. 281, 284 (2) (358 SE2d 247) (1987). The superior court's findings that Nguyen was informed of his *Miranda* rights, that he understood such rights, and that the statement he gave to the police was freely and voluntarily made are supported by the evidence and are not clearly erroneous. See *Cameron v. State*, 256 Ga. 225, 227 (9) (345 SE2d 575) (1986); compare *State v. Rodriguez*, 274 Ga. 728 (559 SE2d 435) (2002). Accordingly, the superior court did not err in denying Nguyen's motion to suppress.

2. Neither was Nguyen's character improperly placed in evidence upon Detective Germano's reference to Nguyen as having been transported to court from jail for his preliminary hearing. That a minor reference to Nguyen's incarceration on the instant charge was mentioned at trial did not place his character in issue. *Deal v. State*, 233 Ga. App. 79, 82 (8) (503 SE2d 288) (1998), citing *Holloway v. State*, 190 Ga. App. 528, 529 (2) (379 SE2d 542) (1989) (A post-arrest mug shot does not suggest prior arrests placing defendant's character in issue.); see also *Roaderick v. State*, 257 Ga. App. 73 (570 SE2d 382) (2002) ("[M]ere mention that a defendant has been in jail falls short of placing his character at issue. [Cits.]") (punctuation omitted). Further, because Nguyen did not seek a curative instruction, no error

---

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

obtained in the superior court for not giving one. *Hamilton v. State*, 274 Ga. 582, 584 (4) (555 SE2d 701) (2001).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 24, 2004.

*Emily J. Gilbert*, for appellant.

*Jeffrey H. Brickman*, District Attorney, *Robert M. Coker*, Assistant District Attorney, for appellee.