## A05A0204. BROWNLEE v. THE STATE.
### (610 SE2d 118)

BLACKBURN, Presiding Judge.

Following his conviction of armed robbery,[1] burglary,[2] possession of a firearm during the commission of a crime,[3] and three counts of kidnapping,[4] and the denial of his motion for new trial, Thale Brownlee appeals, arguing that the evidence was insufficient to support his convictions, and that the trial court erred in allowing the State to introduce his custodial statement into evidence. For the reasons which follow, we affirm.

1. Brownlee first argues that the evidence was insufficient to support his convictions.

> On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Brownlee] no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each

---

[1] OCGA § 16-8-41.
[2] OCGA § 16-7-1.
[3] OCGA § 16-11-106.
[4] OCGA § 16-5-40.

necessary element of the State's case, the verdict will be upheld.

*Maddox v. State.*[5]

Viewed in the light most favorable to the jury's verdict, the evidence shows that early in the evening of March 8, 2000, Thaddius White returned to his home with his children. Getting out of his car, he saw Brownlee and a companion coming up his driveway with guns pointed at him. At gunpoint, White gave Brownlee the keys to his car and all the money he had on him. Brownlee then forced White and his children into the house and tied White up with duct tape. In a pre-trial photo spread and at trial, White positively identified Brownlee as the man who had robbed him.

Brownlee's fingerprints were found at the scene on the plastic covering in which the duct tape had been packaged. Code numbers on the package label indicated that the duct tape had been bought at a convenience store not far from White's place of business. A detective went to the convenience store and obtained the security camera videotape for March 8, 2000. The videotape, which was played for the jury, showed Brownlee purchasing the duct tape. In addition, the store manager positively identified Brownlee as the purchaser of the duct tape. This evidence was clearly sufficient to support Brownlee's convictions.

2. Brownlee next argues that the trial court erred in admitting into evidence his custodial statement because he claims that he was under the influence of alcohol and marijuana at the time he was interrogated, and his statement, therefore, was not made knowingly and voluntarily.

"A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are found to be clearly erroneous." (Punctuation omitted.) *Price v. State.*[6] Having reviewed the transcript of the *Jackson-Denno* hearing, we find that the evidence supported the court's factual findings and that, therefore, its ruling was not error.

Despite Brownlee's testimony that he was under the influence of alcohol and marijuana, the detective who took the statement testified that Brownlee did not appear to be under the influence of alcohol or marijuana at the time he gave the statement. The detective stated that he read Brownlee his *Miranda* rights and asked him, as he read each right, whether he understood it. Brownlee responded to each of the detective's questions and stated that he understood his rights. He

---

[5] *Maddox v. State*, 268 Ga. App. 610 (602 SE2d 326) (2004).
[6] *Price v. State*, 201 Ga. App. 435, 436 (1) (411 SE2d 343) (1991).

told the detective that he would be willing to talk without an attorney; he did not invoke his right to silence but instead expressed a willingness to answer questions. The detective also testified that Brownlee was not promised anything in return for his statement, was not coerced by any threat into making his statement, and gave his statement freely and voluntarily. Given this testimony, the trial court did not clearly err in finding that Brownlee's statement was given voluntarily and knowingly.

Brownlee points out that, at the time he was processed following his arrest, a white powdery substance was found on his person. He argues that since "it is a logical conclusion that [he] might have consumed some of the substance," the trial court should have required the State to present more evidence to rebut Brownlee's claim of alcohol and marijuana intoxication.

There is no connection between Brownlee's possession of a white powdery substance and a claim of intoxication through consumption of alcohol and marijuana, neither of which is white and powdery. Beyond that, "intoxication, standing alone, does not render a statement inadmissible. If the evidence is sufficient to establish that the defendant's statement was the product of rational intellect and free will, it may be admitted even if the defendant was intoxicated when he made the statement." (Footnote omitted.) *Screws v. State*.[7] Thus, even if Brownlee were intoxicated, we must uphold the trial court's finding that Brownlee's statement was voluntarily and knowingly given since evidence supported that finding of fact.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED FEBRUARY 1, 2005 — 

*John A. Beall IV*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.

---

[7] *Screws v. State*, 245 Ga. App. 664, 665 (1) (538 SE2d 547) (2000).