A05A1069. DURAN v. THE STATE.
(619 SE2d 388)

MILLER, Judge.

Following a jury trial, Miguel Angel Duran was found guilty of rape and aggravated sexual battery. He appeals on the grounds that (1) the evidence was insufficient, (2) his statements to the questioning officers were improperly admitted, (3) his trial counsel was ineffective, and (4) the trial court erred by using a court interpreter that was not certified. We find no error and affirm.

---

[1] See *Hehir v. State*, 237 Ga. App. 389 (515 SE2d 406) (1999).

Viewed in the light most favorable to the verdict, the evidence shows that on July 26, 2000 the victim was living in a rented room in Duran's house. That morning, Duran returned to the residence after a night of drinking and entered the victim's bedroom with the intent of having sex with her. He started touching her, forcing her legs apart and holding her face so she would not yell, and placed his mouth upon and inserted his penis and finger into her vagina. She resisted and began to scream. After the encounter, she left the residence in tears.

On the night of his arrest, Duran was taken to the Gwinnett County Police Department for a videotaped interrogation. The questions were asked and answered in both English and Spanish, depending upon Duran's need for translation. At the outset of the interrogation, he was instructed of his *Miranda* rights in Spanish, after which he agreed to answer questions without the presence of counsel.

After a *Jackson-Denno* hearing, the trial court admitted portions of the videotaped interrogation, including both the *Miranda* instruction and Duran's statements to the interrogating officers. A court interpreter was present at the hearing to translate those portions of the videotape in Spanish as well as during the trial. At no point during the *Jackson-Denno* hearing or trial did Duran object to the interpreter's qualifications. The interpreter had passed a written translator's examination, but was not state certified. Duran was found guilty of rape and aggravated sexual battery. His motion for a new trial was denied, and he now appeals.

1. Duran first contends that the evidence was insufficient to support the jury's verdict, finding him guilty of rape and aggravated sexual battery. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. OCGA § 16-6-1 (a) (1). "Carnal knowledge" is defined as "any penetration of the female sex organ by the male sex organ." OCGA § 16-6-1 (a). A person commits aggravated sexual battery when he "intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b). "Foreign object" means any article or instrument other than the sexual organ of a person, including a finger. OCGA § 16-6-22.2 (a); *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001). For either offense, the

necessary penetration need be only slight and may be proved by either indirect or circumstantial evidence. *Lay v. State*, 264 Ga. App. 483, 484 (1) (591 SE2d 427) (2003); *Hendrix v. State*, 230 Ga. App. 604, 607 (4) (497 SE2d 236) (1998).

Here, the victim testified that Duran entered her bedroom and, without her consent, inserted his finger and penis into her vagina. This testimony establishing forcible penetration is alone sufficient to sustain the jury's verdict. See *Clark v. State*, 249 Ga. App. 97, 98 (547 SE2d 734) (2001); *Hardeman*, supra, 247 Ga. App. at 503-504 (2). Moreover, the examining sexual assault specialist concluded that the victim's wounds were consistent with her story of sexual assault and indicated forced penetration by the finger and the penis. The jury was free to disbelieve Duran's testimony and the testimony of other witnesses and to find him guilty based on the victim's corroborated recollection of the encounter. See *Cooper v. State*, 232 Ga. App. 461, 463 (1) (502 SE2d 306) (1998).

The evidence here was sufficient for the jury to find Duran guilty of rape and aggravated sexual battery. See OCGA §§ 16-6-1 (a) (1); 16-6-22.2 (b).

2. Duran next contends that it was reversible error for the trial court to admit at trial his videotaped custodial statements to the interrogating officers. We disagree.

"In ruling on the admissibility of [a defendant's] in-custody statement, a trial court must determine whether, based on the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily." *Mosely v. State*, 250 Ga. App. 892 (553 SE2d 197) (2001). A trial court's factual findings and credibility determinations relating to the admissibility of a defendant's statements at a *Jackson-Denno* hearing will be upheld on appeal unless clearly erroneous. Id.

First, Duran contends that the *Miranda* instruction was inadequate because it was in "garbled" Spanish that he did not understand. As played for the court during the *Jackson-Denno* hearing, however, the videotape revealed that the instruction adequately covered all the necessary points. See *California v. Prysock*, 453 U. S. 355, 360-361 (101 SC 2806, 69 LE2d 696) (1981) (verbatim *Miranda* warning not required where warning conveys defendant's right to counsel prior to and during interrogation, and at no cost if defendant cannot afford one); see also *Eubanks v. State*, 240 Ga. 166, 167-168 (1) (240 SE2d 54) (1977). Further, Duran told the interrogating officers that he understood his rights and was willing to answer their questions without the presence of counsel. "Where, as here, the record indicates that a defendant's *Miranda* rights were duly explained to the defendant and that the defendant understood such rights, an

imperfect translation thereof will not foreclose a valid rights waiver." (Citation omitted.) *Nguyen v. State*, 269 Ga. App. 730, 731 (1) (605 SE2d 130) (2004).

Duran also contends that his custodial statements were not voluntarily given since he was "involuntarily" intoxicated by paint fumes after spending the day painting a school ceiling. However, at the *Jackson-Denno* hearing, the interrogating officer testified that Duran responded to the questions coherently, that he did not appear disoriented or under the influence of alcohol or narcotics, and that his statements were freely and voluntarily given. Since evidence supported the finding that Duran's statements were the product of rational intellect and free will, the trial court did not err either in finding that the statements were given voluntarily or in admitting them. *Forehand v. State*, 271 Ga. App. 746, 747 (611 SE2d 78) (2005); *Brownlee v. State*, 271 Ga. App. 475, 476-477 (2) (610 SE2d 118) (2005); *Smith v. State*, 269 Ga. App. 17, 19-20 (2) (a) (602 SE2d 921) (2004).

3. Duran next claims that his trial counsel was ineffective when he failed to call an expert to testify as to the effects of the paint fumes on Duran's mental state at the time he gave his custodial statements. However, as we held in Division 2, evidence supported the trial court's conclusion that Duran's custodial statements were voluntary. He therefore cannot show that he was prejudiced by his counsel's failure to call an expert to provide cumulative evidence about the alleged effects of paint fumes at the time he gave his custodial statements. Such testimony would not have changed the fact that the trial court properly admitted the custodial statements in light of the evidence presented at the *Jackson-Denno* hearing. Duran's ineffective assistance claim is therefore without merit. See, e.g., *Johnson v. State*, 257 Ga. App. 30, 30-31 (1) (570 SE2d 344) (2002) (trial counsel's failure to present cumulative evidence through additional witness testimony does not amount to ineffective assistance).

4. Duran also asserts that the mere fact of the trial interpreter's lack of certification amounts to reversible error. We disagree.

"The use of interpreters is within the sound discretion of the trial court." (Citation omitted.) *Choi v. State*, 269 Ga. 376, 377 (3) (497 SE2d 563) (1998). "[H]arm as well as error must affirmatively be shown by the record to obtain reversal." (Citation and punctuation omitted.) *Holliday v. State*, 263 Ga. App. 664, 668 (588 SE2d 833) (2003).

The record indicates that the trial interpreter had passed a written examination, but was not "certified" as contemplated by the Georgia Commission on Interpreters. At no point during the *Jackson-Denno* hearing or trial, however, did Duran object to the interpreter's

qualifications, including her lack of certification. By failing to interpose a timely objection, Duran has waived this issue on appeal. *Baldivia v. State*, 267 Ga. App. 266, 272 (3) (599 SE2d 188) (2004); see also *Sims v. State*, 242 Ga. App. 460, 462 (2) (530 SE2d 212) (2000).

Moreover, even if Duran had objected, there is no evidence that the interpreter mistranslated anything during the course of the trial. In fact, other than the interpreter's lack of certification, no other claim of prejudice is made. Such is insufficient to warrant reversal. *Martinez v. State*, 258 Ga. App. 102, 104 (1) (d) (572 SE2d 748) (2002). Accordingly, we find neither harm nor error. Id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 3, 2005.

*Christopher T. Adams*, for appellant.

*Daniel J. Porter, District Attorney, James M. Cavin, Assistant District Attorney*, for appellee.